WILLIAM B. WOOD, Respondent, v. E. B. LAND, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1.  Appellate Practice : WEIGHT OF EVIDENCE UNDER INSTRUCTIONS IS FOR JURY.  Where the jury have been properly instructed, as in this case, as to the law and their duty in the premises, the conflict of evidence and weight thereof are matters peculiarly for their exclusive consideration and not for the discussion of this court.

2.  Pleading : SUFFICIENT STATEMENT IN PROBATE COURT.  The statement of the plaintiff's cause of action, filed in the probate court, is examined and found sufficient.

*Appeal from the Platte Circuit Court.*—Hon. J. M.
Sandusky, Judge.

Affirmed.

*Traber & Gibson, Jas. W. Coburn* and *R. P. C.
Wilson,* for appellant.

(1) The account or statement filed in the probate
court by respondent does not state facts sufficient to
constitute a cause of action. *Woods v. Land,* 30 Mo.
App. 181. Respondent should have averred in his
complaint that Adam C. Woods promised to pay
respondent. The promise must be alleged. In *assumpsit*
this is necessary. This allegation is the gist of the
action. Nor is the failure to allege a promise cured
after verdict. *McNulty v. Collins,* 7 Mo. 69; *Muldrow
v. Tappan,* 6 Mo. 276; *Wingo v. Brown,* 12 Rich. (S. C.)
Law, 282; *Caudler v. Rossiter,* 10 Wend. 487. Respond-
dent has, in his account or statement, simply said that
appellant owes him a certain sum of money. This is
the entire statement of his cause of action, omitting
that part relating to the rendition of services which our
courts say cannot be considered. Such statement has
frequently been held insufficient. *Butts v. Phelps,* 79
Mo. 303; *Brashears v. Strock,* 46 Mo. 222; *Swartz v.
Nicholson,* 65 Mo. 508; *Davis v. Railroad,* 65 Mo. 442.
(2) In an action by a son against his father for wages
after the son's arrival at age, the presumption of law is
that the services were gratuitous. In order to recover
respondent need not show an express promise, but must
affirmatively show that there was some expectation or
understanding on both sides that the services were to
be paid for. He must overcome this presumption by
evidence that is clear, direct and explicit. This he has
not done. *Woods v. Land,* 30 Mo. App. 182; *Guenther
v. Birkeicht's Adm'r,* 22 Mo. 439; *Smith v. Myers,* 19

Wood v. Land.

Mo. 439; *Hart v. Hart's Adm'r*, 41 Mo. 445; *Cowell v. Roberts*, 79 Mo. 218; *Gardner's Adm'r v. Schooley*, 25 N. J. Eq. 150; *Prickett v. Prickett*, 20 N. J. Eq. 478; 15 Cent. Law Jour., p. 26; 26 Cent. Law Jour., p. 51; *Cooper v. Cooper*, 3 Ill. App. 492; *Sanders v. Waggonseller*, 19 Penn. St. 248; *Luney v. Vantyne*, 40 Ver. 501. (3) There must have been such an understanding or expectation at the commencement of or during the services. *Woods v. Land*, 30 Mo. App. 182; *Gardner's Adm'r v. Schooley*, 25 N. J. Eq. 150; 15 Cent. Law Jour. 26, and cases cited; 26 Cent. Law Jour. 51. A consideration altogether executed, and past, is not sufficient to maintain *assumpsit;* though if it were moved by a precedent request, it is good, and amounts to a binding promise. 1 Wait's Act. 375; 1 Wait's Act. 109, 110; *Parker v. Crane*, 6 Wendell, 647; *Balcolm v. Croggin*, 5 Pick. 295; *Harding v. Craggie*, 8 Ver. 501; *Bulkley v. Landon*, 2 Conn. 204; *Livingston v. Rogers*, 1 Caines, 583; *Stoever v. Stoever*, 9 Serg. & R. (Pa.) 434. (4) The proof must be clear, direct and explicit so as to leave no doubt as to the understanding and intention of the parties. *Woods v. Land*, 30 Mo. App. 181; 3 Wait's Act. & Def. 584, and cases cited; *Duffey v. Duffey*, 44 Penn. St. 398; *Sullivan v. Sullivan*, 6 Hun. (N. Y.) 658; 26 Cent. Law Jour. 54, 184. (5) Loose declarations will not be regarded as evidence of such an agreement to rebut the legal presumption that such services were gratuitous. *Woods v. Land*, 30 Mo. App. 181; 3 Wait's Act. & Def. 584; *Hartman's Appeal*, 3 Grant's Cases (Penn.) 234; 26 Cent. Law Jour. 54, 184. (6) If the services were rendered with a view to a legacy merely, respondent cannot resort to an action of implied *assumpsit. Woods v. Land*, 30 Mo. App. 182; *Guenther v. Birkeicht's Adm'r*, 22 Mo. 446, bot. page; *Osborn v. Hospital*, 2 Strange, 728. (7) If respondent rendered the services on the strength of his father's promise to give him the forty acres of land, then he has either his

action for the specific performance of the contract or for the value of the land, and must resort to one of them. And the last part of instruction number 3, given for respondent, is especially open to this objection. *Woods v. Land*, 30 Mo. App. 182; *Hiatt v. Williams*, 72 Mo. 214; *Sulton v. Hayden*, 62 Mo. 101; *Gupton v. Gupton*, 47 Mo. 37. (8) Claims against estates of this sort are a very dangerous class of cases and should be scrutinized closely by the courts. Not that many of them are not meritorious, but from the nature of the claim and the situation of the parties, estates are liable to be swallowed up in a manner not contemplated by the law. *Woods v. Land*, 30 Mo. App. 181.

*Anderson & Carmack*, for respondent.

(1) Demands in the probate court shall be heard without the form of pleading. R. S., sec. 202, p. 31; *Sublett v. Nelson*, 38 Mo. 487. (2) This court will not reverse a judgment because the verdict is against the seeming weight of evidence, when there is evidence tending to support it. *Huckshorn v. Hartwig*, 81 Mo. 649; *Altum v. Arnold*, 27 Mo. 264; *Conran v. Sellen*, 28 Mo. 320; *Easly v. Elliott*, 43 Mo. 289; *Wilson v. Railroad*, 46 Mo. 36; *Harrison v. Bartlett*, 51 Mo, 170; *Cunningham v. Snow*, 82 Mo. 587; *Miller v. Brenecke*, 83 Mo. 163; *Meyer v. McCabe*, 73 Mo. 237; *Roach v. Colbern*, 76 Mo. 652. (3) Even if the verdict was against the weight of evidence, this court will not interfere for the manifest reason, that the judge who tried the cause and heard and saw the witnesses was in a better position to weigh the evidence, than this court can be. *Huckshorn v. Hartwig*, *supra*. The circuit judge who tried this case is not allowed by our law to invade the province of the constitutional triers of fact, even by commenting on the evidence. *Choquette v. Barada*, 28 Mo. 491, 499; *Anderson v. Kincheloe*, 30

Wood v. Land.

Mo. 520 ; *Fine v. School*, 39 Mo. 59 ; *Rose v. Spies*, 44 Mo. 20 ; *Jones v. Jones*, 57 Mo. 138. (4) The supreme court of Missouri holds that in cases of this character, it is a question for the jury to determine, from all the circumstances, whether the services were rendered under an implied contract for compensation. *Hart v. Hart's Adm'r*, 41 Mo. 445 ; *Smith v. Myers*, 19 Mo. 433 ; *Guenther v. Berkeicht*, 22 Mo. 439 ; *Guild v. Guild, Adm'r*, 15 Pickering, 129 ; *Woods v. Land*, 30 Mo. App. 176. (5) Where one, at the request of another, performs beneficial services for him, unless it is agreed, or is to be inferred from the circumstances, that they were to be rendered without compensation, the law will imply a promise on the part of him for whom such services were rendered, to pay for them what they were reasonably worth. *Dougherty v. Whitehead*, 31 Mo. 255.

*James F. Mister*, also for respondent.

(1) The statement in this case is full, clear, explicit and unmistakable in terms and phraseology, and is the usual form of a suit upon an implied contract, in the case even of a formal pleading. But the statute provides that demands in the probate court shall be heard without the form of pleading. ( R. S., sec. 202.) To require more than this contains would be to require the statement to set forth the evidence supporting it. All the authorities cited by defendant relate to formal pleadings. (2) The presumption of gratuitous service is conceded to be applicable here. But the presumption has been overcome, by evidence, clear, direct and explicit ; that there was an expectation and understanding on both sides, and repeated promises by the father ( as well as by their dealings with each other ) that the services were to be paid for, and that they

deserved to be, and the reasons given therefor. The request and persuasion of the father, and the consent and agreement of the son, and the actual carrying out of the agreement, furnished the highest consideration for the contract. (See appellant's authorities additional to point 3 of his brief.) (3) These services were not rendered with a view to a legacy. A man at the age of forty would hardly devote seven years of his life exclusively to the services, even of his father and mother, on the hope of a possible gratuity. (4) There is no waiver of a contract and suit upon a *quantum meruit* here. The contract is asserted, and is the basis of the claim; the ascertainment of the value of the services is because there was no specific agreement of the price to be paid. (5) These services were not rendered on the strength of his father's promise to give him the forty acres of land. The promise was merely his father's idea of fulfilling his word and meeting an admitted obligation. The obligation remaining undischarged at his father's death, it is unquestionably a valid claim against his father's estate. *Koch v. Hebel*, 32 Mo. App. 110. (6) The question whether the services were rendered under an implied contract for compensation was submitted to the jury under the most favorable instructions for defendant. It was a question for the jury, and their verdict, under such circumstances, is conclusive. *Hart v. Hart's Adm'r*, 41 Mo. 415; *Smith v. Meyers*, 19 Mo. 433. And it is not necessary to prove an express promise on the part of the parent, or produce proof of a specific contract for that purpose. *Guenther v. Berkeicht*, 22 Mo. 439; *Woods v. Land*, 30 Mo. App. 176; *Koch v. Hebel*, 32 Mo. App. 110. (7) The case was tried in absolute conformity with the views expressed by this court in a former opinion in this case; the evidence was much fuller than before; the instructions were almost in the words of the former opinion; the defendant's instructions were all

given, presenting for his theories of the case under the various guises that it appeared to his very able counsel, and the jury, with all this accumulated enlightenment, and assisted by the best efforts of distinguished counsel on either side, sustained the plaintiff's claim. Under such circumstances this court will not disturb the verdict, and especially when the judgment is (as shown by three different trials, all with the same result) for the right party.

Reply to respondent.

(1) Respondent attempts to shield himself behind section 201, Revised Statutes, 1879, which says that "the court shall hear and determine all demands in a summary way without the form of pleading," etc. But this will not save him. This section does not relieve respondent from the necessity of stating the facts that constitute his cause of action. This he must do before he can recover in any event. *Hill v. Ore & Steel Co.*, 90 Mo. 104, 106; *Butts v. Phelps*. 79 Mo. 502; *Wells v. Railroad*, 35 Mo. 164-5; R. S. 1879, sec. 3511; *Booth v. Bank*, 65 Barber, 407. But appellant could raise it for the first time in the appellate court if he sees proper. *State ex rel. v. Griffith*, 65 Mo. 547-8; *Bateson v. Clark*, 37 Mo. 34.

ELLISON, J. —A statement of the nature of this cause will be found in 30 Mo. App. 176, where it will be seen it was remanded for another trial. It has been again tried, resulting again in a verdict and judgment for plaintiff. The evidence, while in many respects of the same uncertain and unsatisfactory character, and such as, if allowed to make out a case, would annul the laws of heirship and descent, yet there is additional evidence, not only from the witnesses who testified at the former trial, but from others not had at that trial. This additional testimony has some tendency to show that the services were not being rendered or received as a gratuity on account of the relationship of the parties.

That the expectation upon the one side was to pay and, upon the other side, to receive pay.

We will not discuss how far other evidence tended to overturn this, or what weight should have been given it; for that is a matter peculiarly for the exclusive consideration of the jury. I may remark that this is especially so when the jury have been instructed as to the law and their duty in the premises as they were in this case. The instruction given on the court's own motion set the whole matter before the jury in terms they could not have misunderstood.

II.    We have given consideration to defendant's objections to the statement before the probate court, of plaintiff's cause of action, but are not able to coincide with the view taken by the learned counsel for defendant. The statement, which was properly sworn to, is as follows:

"In the probate court of Platte county, Missouri, October term, 1883:

"Estate of ADAM C. WOODS, *Dr.*,

To WILLIAM W. WOODS:

"For work done on farm and services rendered in attending to the business of deceased from January 1, 1875, to January 1, 1882, a period of 7 years, at $240 per year..........................$1,680

"Which should be credited with amounts received from deceased or retained from sale of produce of farm by permission of deceased at various times extending over the 7 years, $100 per year.................................  700

"Balance due plaintiff...........  $980."

This, under the practice in this state, as to pleadings before probate courts, where formalities and technicalities have been dispensed with, is sufficient.

The judgment is affirmed.    All concur.