THE STATE *ex rel.* STEEL, *Collector*, v. PHILLIPS, *Appellant.*

Division Two, February 2, 1897.

1. **Practice**: MOTION TO STRIKE OUT COUNT OF ANSWER: MOTION FOR NEW TRIAL: RECORD. The recital in the motion for new trial that the court had on motion striken out a count of the answer is no evidence of that fact, where the motion to strike out is not preserved in the record.

2. ———: REPLICATION: WAIVER. A party will not be heard to complain upon appeal that no reply was filed, where the cause was tried as if a reply was in and there was no motion for judgment for want of one.

3. ———: SUIT FOR DELINQUENT TAXES: TAX BILL: PRIMA FACIE: BURDEN OF PROOF. In an action for delinquent taxes, the tax bill is *prima facie* evidence of the matters therein contained and the burden is on the defendant to overthrow its statement of facts.

4. Suit for Delinquent Taxes: STATUTES: ASSESSMENT: TAX LISTS: INFORMALITIES: TAX BOOK. Under Revised. Statutes, 1889, sections 7563, 7584, providing that mere informalities in making assessments of property, or charges for taxes thereon, or in the tax lists, or on account of the assessment not being made or completed in the time required by law, and section 7702, declaring that no informality in making the back tax book shall affect its validity, it was no defense in an action to collect back taxes for the years 1888, 1889, and 1890 that they were all consolidated into one book for 1890.

5. Taxation: ASSESSMENT: JURISDICTION. When an assessor makes out his assessor's books, jurisdiction attaches and the rest of the proceedings are directory.

*Appeal from New Madrid Circuit Court.*—HON. DORSEY W. SHACKLEFORD, Special Judge.

AFFIRMED.

*R. B. Oliver* for appellant.

(1) The defendant pleaded, and sought to show by testimony, that he had discharged his duty by calling upon the collector and paying all the taxes that were assessed and charged against him for the years 1888, 1889, and 1890. The circuit court committed reversible error in refusing to allow him to plead and show this as a matter of defense. *Harness v. Cravens*, 126 Mo. 233. (2) It was clearly shown by county clerk Mitchell that the delinquent lists of back taxes for the years 1888 and 1889 were not ordered filed by the county court. Nor did they have any certificates attached to said delinquent lists reciting that the court

had examined the same and found them correct. Noth-
ing of that kind appears on the delinquent lists, and
this omission is fatal to the plaintiff's cause of action.
*State ex rel. v. Hurt*, 113 Mo. 90; *State ex rel. v. Hutch-
inson*, 116 Mo. 399.   (3) The *prima facie* case made by
the state in offering its tax bill is overcome by the tes-
timony showing that the county court had failed to
certify the corrected delinquent list to the county clerk,
and the court erred in not giving the second instruc-
tion prayed for.   *State ex rel. v. Hutchinson*, 116 Mo.
399.   (4) The testimony shows that in the year 1890
the delinquent lists were examined by the court and by
it ordered to be certified to and filed by the county
clerk of said county, as the law directs, but it was
affirmatively shown that he did not make any back tax
book for that year within the time fixed by law, and
that in making the back tax bill for the collection of
which this suit was brought, he did not follow a true
copy of said bill from the delinquent list, but changed
it to suit what he supposed was the ownership of the
property.   This, we contend, he could not do.   This
was the duty of the assessor, not the county clerk's nor
the collector's.  (5) As the "transcript" does not show
that the defensive matter set up in the second and third
counts of defendant's answer was denied, we now ask
that the case may be reversed for that reason.

*Robert Rutledge* for respondent.

(1) The pleadings, record, and evidence in this
case do not sustain the appellant in his effort to get
this case under what he considers the holding of this
court in the case of *Harness v. Cravens*, 126 Mo. 233.
No objection was made to his answer, whatever; no
part of it was stricken out and he "was allowed to
show every matter set up in his answer as a defense."

The collector had nothing to do with charging defendant with taxes. It was his duty to collect the taxes and he said he called upon the defendant. A careful reading of defendant's answer will disclose the fact that it is not the lien he seeks to be discharged of but the debt, and if his answer was sustained by the evidence it would avail him nothing. *Harness v. Cravens*, 126 Mo. 233. (2) Appellant's contention that "the delinquent lists of back taxes for the years 1888 and 1889 were not properly certified and filed" is not supported by a careful reading of the evidence, which clearly shows that all necessary steps were properly taken. *State ex rel. v. Scott*, 96 Mo. 72; *State ex rel. v. Hurt*, 113 Mo. 90; *State ex rel. v. Lounsberry*, 125 Mo. 157; *State ex rel. v. Phillips*, 102 Mo. 664; *State ex rel. v. Hoyt*, 123 Mo. 348. (3) Defendant did not succeed in impeaching the tax bill sued on, and the evidence on his behalf did not overcome the *prima facie* case made out thereby, and it was not necessary for plaintiff to offer further testimony and the court did not err in refusing defendant's second instruction and giving judgment for plaintiff. The defendant did not and could not show that the tax bill sued on was not the legitimate child of the defined proper tax procedure, and it did not devolve upon plaintiff to introduce further evidence. *State ex rel. v. Hutchinson*, 116 Mo. 399; *State ex rel. v. Scott*, 96 Mo. 72; *State ex rel. v. Lounsberry*, 125 Mo. 157; *State ex rel. v. Phillips*, 102 Mo. 664; *State ex rel. v. Hoyt*, 123 Mo. 348; *State ex rel. v. Bank*, 120 Mo. 161. (4) The court tried the case upon the petition and answer; no motion to strike out any part of defendant's answer was made and no replication was necessary. The court heard all the evidence and inquired fully into every matter of defense set up in defendant's answer, and upon a full and complete hearing rendered judgment for the taxes. This

judgment is for the right party, and in both law and equity, ought not to be disturbed. No replication to defendant's answer was filed and none was necessary. *Nelson v. Wallace*, 48 Mo. App. 193.

SHERWOOD, J.—Action to recover back taxes for the years 1888, 1889, and 1890.

The defendant in his answer set up three defenses: The first count is a general denial. The second count is as follows:

"And for further answer herein defendant says that he is not indebted to the plaintiff in any sum whatever, for the reason that he called upon the collector for the several years he is supposed to be charged with the delinquencies and paid all taxes that were charged against him, and took receipts therefor, and now pleads these facts as well as said payments in bar of any further tax, and again prays for judgment."

The third count charges that there never was any legal assessment of the property set out in plaintiff's petition; that no legal tax was ever extended as required by law; and that there never was any settlement between the collector of the county and the county court at the time required by law, and that there never had been any settlement between the collector of the county and the county court showing the amount of the state revenue and state interest from taxes collected in the current tax book or the amount collected on delinquent legal list returned by the collector, nor had there ever been any certified settlement between the county court and the collector filed with the county clerk, nor any delinquent list as required by law.

Upon trial had, the circuit court found that defendant was the owner of the lands described in plaintiff's petition; that there were unpaid delinquent

taxes on the lands therein described, as well as interest thereon for the years heretofore mentioned, and rendered judgment accordingly against the said defendant for the sums ascertained to be due.

The transcript records no motion to strike out the second count of defendant's answer, and the success of such motion, and the recital in defendant's motion for a new trial is no evidence of such statement, as has so often been decided by this court. The answer of defendant must therefore be treated as remaining intact. And if a replication to the answer were necessary, the cause being tried as if a reply was in, and since no motion was filed for judgment for want of a reply (*Smith v. St. Joseph*, 45 Mo. 449), this case falls within the principle announced in *Henslee v. Cannefax*, 49 Mo. 295, and other cases.

The tax bill was *prima facie* evidence of the matters therein contained, and so the burden was cast on defendant to overthrow its statements of facts, and we are not of opinion after reading the evidence as contained in the transcript, that he succeeded in doing so.

It seems that the back taxes for the years sued for were all consolidated into one book for the year 1890. By the express terms of the revenue law, mere informalities in making an assessment of property, or charges for taxes thereon, shall not be considered illegal, on account of any informality in making the assessment, or in the tax lists, or on account of the assessment not being made or completed in the time required by law. Sec. 7563, R. S. 1889. See, also, sec. 7584.

Section 7702 declares that no informality in making the back tax books shall affect the validity of the same. And aside from the statutory declaration just quoted and cited, when an assessor makes out his

assessor's books, *jurisdiction* attaches, and the rest of the proceedings are *directory*.

Judge COOLEY, treating of the subject of a tax-payer or rather *tax-resister* endeavoring to take advantage of informalities, etc., very pertinently and forcibly observes:

"No one should be at liberty to plant himself upon the nonfeasances or misfeasances of officers, under the revenue laws, which in no way concern himself, and make them the excuse for a failure on his part to perform his own duty. * * * 'There are undoubtedly many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power, or render its exercise in disregard of the requisitions ineffectual. Such generally are regulations designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested can not be injuriously affected. Provisions of this character are not usually regarded as mandatory, unless accompanied by negative words, importing that the act required shall not be done in any other manner or time than that designated.' * * * All legislation must be supposed to take into account the possible, if not probable, mistakes and irregularities of officers in executing the provisions of the law, and it is hardly reasonable to infer an intent, on the part of a legislative body, that a failure of administrative officers to comply with any provision made for the benefit of the state exclusively, or merely as a guide in orderly proceedings, should deprive the state of all benefit to be derived from a compliance with other provisions that embody the main purpose and object of the law." Cooley on Taxation [2 Ed.], pp. 283, 284, 285, and cases cited.

In the somewhat recent case of *State ex rel. v. Bank*, 120 Mo. 161, we examined this subject at considerable length, and do not care to go over the subject again.

Finding no substantial error in the record, judgment affirmed. All concur.