THE STATE ex rel. MAHAN, Collector, v. MERCHANTS BANK OF JEFFERSON CITY.

Division Two, March 12, 1901.

1. **Tax-Bill: NAME OF BANK.** The tax suit was, by its title, against the "Merchants Bank of Jefferson City, Missouri," and the tax-bill stated the taxes were due simply from the "Merchants Bank."

*Held,* that the words "of Jefferson City, Missouri" are merely descriptive of the bank, and are no part of its name; hence, the tax-bill, in so far as the name of the bank is concerned, was admissible in evidence in a suit thereon for back taxes.

2. **Pleading:** INDEFINITENESS AND UNCERTAINTY: WAIVER. However indefinite and uncertain a petition may be, defendant waives his objection thereto by answering over after his motion to make more definite and specific is overruled.

3. **Law, When in Force:** TAX ASSESSMENTS. As the law of 1895 concerning tax assessments did not go into effect for ninety days after the Legislature adjourned, or until after the first of June, it did not change the manner of assessing bank property for the year 1895, made before the law went into effect.

4. **Assessment of Taxes:** AGAINST BANK: ACT OF 1891. Under the law of 1891, tax assessments were required to be made against the stockholders of a bank, and not against the corporation itself, and this was the law in force on the first of June, 1895, of which date assessments for that year were required to be made.

5. ———: ———: TAX SUIT. Where the tax assessment is made against the corporation bank, at a time when the law requires the bank's property to be assessed against its stockholders, the collector can not recover in a suit for taxes against the bank, on a tax-bill charging the corporation for the taxes.

6. ———: ———: NO APPEAL. Nor is the bank's right to dispute the payment of such tax-bill cut off by the fact that it did not appeal from the county board of appeals. No appeal lies from the action of the board of appeals in any case.

7. ———: TAX SUIT: GENERAL STATUTE: CUMULATIVE REMEDY. The general laws as to practice and proceedings and appeals in civil cases apply to tax suits as far as applicable, and the statutory remedy for the collection of personal tax-bills is cumulative.

8. ———: ———: EVIDENCE: DEFENSE. In a suit against a bank for taxes, the defendant offered to show that it was bank stock that was assessed, and that all taxes against the bank for the year had been paid prior to the bringing of this suit. *Held,* it was error to exclude this evidence.

Vol 160 mo—41

Appeal from Cole Circuit Court.—*Hon. D. W. Shackleford,*
Judge.

REVERSED AND REMANDED.

*Edwards & Edwards* for appellant.

(1)   The suit is against the "Merchants Bank of Jeffer-
son City," while the alleged assessment is against "Merchants
Bank."   This is no more defendant's name than if it had been
assessed against the "Savings" or "Jones Bank."   R. S.
1889, secs. 7553, 7555, 7556; Hubbard v. Gilpin, 57 Mo.
441; Abbott v. Lindenbower, 42 Mo. 162; St. Louis v. Wen-
neker, 145 Mo. 239; R. S. 1889, secs. 7679 and 768.   (2)
The vital point in the case is the assessment.   If the share-
holders in the bank had a million dollars, this money could not
have been assessed to the bank under section 7538 of the stat-
utes of 1889, which is the same as the law now.   R. S. 1889,
sec. 915; State ex rel. v. Catron, 118 Mo. 280; State ex rel.
v. Bank of Neosho, 120 Mo. 161.   (3)   The tax-bill is
prima facie evidence of what it contains, and it devolves upon
the defendant to overcome it by competent evidence.   State
ex rel. v. Hutchinson, 116 Mo. 399; State ex rel. v.
Philips, 137 Mo. 259. Yet, when defendant, even by
competent testimony offered to do so, he is refused by the
court.   (4)   The so-called assessment made by the assessor,
was an arbitrary action on his part, as was also the action of
the board of appeals.   When the cashier furnished the assess-
ment list required by law, the assessor was bound to make the
assessment from it.   State ex rel. v. Cunningham, 153 Mo.
642.   (5)   This is not an effort to avoid paying any tax, but
if respondent is correct, this bank pays not only on the shares

of the stock of its stockholders, but on its real estate in addition, which forms a large part of its capital stock.

*A. M. Hough* for respondent.

(1) The failure of defendant to stand on its motion to make the petition more specific, was a waiver of the matter set up in the motion. Davis v. Boyce, 73 Mo. App. 563. (2) The assessment was properly made. Laws 1891, p. 195; In re Ward v. Board of Equalization, 135 Mo. 309. (3) Irregularities or informalities in making an assessment will not defeat the assessment. R. S. 1889, secs. 7563 and 7708; State ex rel. v. Bank of Neosho, 120 Mo. 170. (4) The Act of 1891 (Laws 1891, page 195), under which this assessment was made, does not require the assessment to be made against the stockholders (conceding that this assessment is against the stock, which fact the defendant failed to show), but provides that shares, premiums and other earnings shall be assessed as that amount of money. (5) A slight change in the name will not vitiate the assessment, especially where it appears the assessees represented the same persons. Souhegan Factory v. M. Conihe, 7 N. H. 309; St. Louis v. Wenneker, 145 Mo. 240; State ex rel. v. Bank, 120 Mo. 170. (6) Defendant's objection to paying its taxes was a charge of over-valuation. If dissatisfied with the action of the assessor, its remedy was by *certiorari.* State ex rel. v. Bank, 120 Mo. 170. (7) The acts of the board of equalization, being judicial, can not be impeached collaterally. Black v. McGonigle, 103 Mo. 198; State ex rel. v. Vaile, 122 Mo. 47; Ward v. Board of Equalization, 135 Mo. 309. (8) If the property is subject to taxation in any form, irregularities do not vitiate the assessment. Insurance Co. v. Charles, 47 Mo. 462; Railroad v. Maguire, 49 Mo. 482.

BURGESS, J.—This is an action by the collector of Cole county, to recover certain personal taxes, amounting to the sum of $237.83, claimed to be due the State and county for certain taxes for the year 1896, as follows:    $47.57, State fund tax; $85.62, county fund tax, and $104.04, school fund tax.

With respect to the property upon which the tax is supposed to be due, no information is given either in the petition or tax-bill, upon which the action is based, except in the tax-bill in the column marked "S" are the figures, "19.025," and because of the indefiniteness of the petition, defendant filed its motion to make it more definite and certain, which was overruled, and it duly excepted, but thereafter filed its answer, in which it denied all allegations in the petition except its incorporation.    It then alleged that it had tendered to the plaintiff collector, before the institution of this suit, all taxes legally assessed against it, and his refusal to receive anything less than the full amount thereof, whether legal or illegal, and demanded the payment of all taxes assessed against it.    That he knew that the assessor's book and what he called a back tax-bill, showed no property assessed against the defendant other than that for which defendant tendered the just and true amount assessed against it, but demanded of defendant a compromise assessment with which defendant had nothing to do, but which was a compromise made by the board of appeals in violation of law, without authority and in direct violation of the statute.    That under the statute, assessment against all incorporated banks should be made against the shareholders of such banks, and not against the banks themselves.

The case was tried by the court.    Upon the trial, defendant objected to the introduction of any evidence upon the ground that the petition failed to state a cause of action.    The objection was overruled, and defendant duly excepted.

Plaintiff then over the objections of defendant read in evidence the tax-bill sued on, which is as follows:

"BACK TAX-BILL—PERSONAL PROPERTY.

"State of Missouri,
County of Cole.
}ss.

"I, Thos. B. Mahan, collector of the revenue within and for the county of Cole in the State of Missouri, do hereby certify that the following amounts of back taxes remain delinquent in favor of the several funds for the several years, and on the personal property in said county and State, owned by the Merchants Bank, and under his care, charge and management, on the first day of June of the year for which assessments were made, to-wit:

| Name of owner. | Years for which taxes are due. | Valuation.... | State tax.... | County tax.... | School tax.... | Penalty.... | Com.... | Total.... |
|---|---|---|---|---|---|---|---|---|
| Merchants Bank. | 1896 | $ cts. | $ cts. | $ cts. | $ cts. | $ cts. | $ cts. | $ cts. |
| | | 19025 00 | 47 57 | 85 62 | 104 64 | 7 14 | 9 52 | 254 49 |

"In witness whereof, I have hereunto set my hand at the city of Jefferson, in said county and State, this twenty-fifth day of March, 1897.

"Thos. B. Mahan, Collector Cole County, Mo."

Plaintiff then closed his case. Whereupon defendant asked an instruction in the nature of a demurrer to the evidence which was refused, and it excepted.

Defendant then offered to prove by J. H. Diercks, its cashier, that he had paid to plaintiff all taxes assessed against the bank for the year 1896, which on a general objection by plaintiff was excluded, and defendant excepted.

At the close of all the evidence defendant asked an instruction in the nature of a demurrer thereto, which was refused, and it again excepted. Judgment was then rendered in favor of plaintiff for the sum of three hundred and sixteen dollars and sixty-five cents, from which defendant appeals.

On the trial, plaintiff offered the tax-bill in evidence, to which defendant objected upon the ground that it is not made out against the defendant, the Merchants Bank of Jefferson City, Missouri, but against "The Merchants Bank." The objection was overruled and the tax-bill read, and this is assigned for error.

The words "of Jefferson City, Missouri," which follow immediately after the words "Merchants Bank" in the title of the suit are merely descriptive of the bank, and are no part of its name, hence the tax-bill, in so far as the *name* of the bank is concerned, was properly made out against the "Merchants Bank." It follows that this objection was not well taken.

However uncertain and indefinite the petition may have been, defendant waived that point by pleading over and going to trial after its motion, to make it more definite and certain, was overruled.

The petition alleges that the defendant is a corporation organized under the laws of the State of Missouri, and doing a general banking business. As the General Assembly of 1895 did not adjourn until the twenty-fifth of March of that year, the Act of 1895 did not go into effect until ninety days thereafter, and as by section 7531, Revised Statutes 1889, assessors are required to make all assessments of property between the first day of June and the first day of January as of the first

named date, at which time the law required that the bank stock in defendant bank should be assessed against the holders thereof, the assessment must be held to have been made under the Act of 1891 and not under the Act of 1895. In other words the Act of 1895 was not retroactive.

By the Act of 1891 (Laws 1891, p. 195), amending the statute concerning the "assessment and collection of the revenue," persons owning shares of stock in banks or any joint-stock institution or association doing a banking business, are not required to deliver to the assessor a list thereof; but the president or other chief officer of such corporation is required under oath to deliver to the assessor a list of all shares of stock held therein, and the names of the persons who hold the same, with the face value thereof, as well also as a complete statement of all reserve funds, undivided profits, premiums or earnings, and all other values belonging to such corporations. And such statement of shares of stock, together with the statement of reserve funds, undivided profits, premiums or earnings and other values so delivered to or furnished the assessor, shall, for the purpose of taxation, be treated as that amount of money, less the taxable value of the real estate and fixtures, subject to the right of the parties in interest to show the impairment of such shares of stock before the board of equalization. Section 7540, Revised Statutes 1889, provides that the taxes assessed on shares of stock embraced in such list shall be paid by the corporations, respectively, and they may recover from the owners of such shares the amount so paid by them, or deduct the same from the dividends accruing on such shares; and the amount so paid shall be a lien on such shares, respectively, and shall be paid before a transfer thereof can be made.

It is therefore clear that under the Act of 1891 such bank assessment of taxes must have been made against the owners of the stock and not against the corporation. [City of Stanberry

v. Jordan, 145 Mo. 371.] While the tax-bill is prima facie evidence that the taxes as therein stated are due by defendant (Laws 1895, p. 245; State ex rel. Miller v. Hutchinson, 116 Mo. 399; State v. Phillips, 137 Mo. 259) it shows that the assessment was made against the Merchants Bank. The tax-book for 1896, which was in evidence, also showed that the assessment was made against the bank, when it should have been made against its stockholders. So that this prima facie case was overcome when it was shown that the tax-bill was not based on a valid assessment. [State ex rel. v. Cunningham, 153 Mo. 642.]

But it was shown by the evidence that defendant bank, by its president, appeared before the board of appeals of the county and objected to the *amount* of the assessment, and not to the manner of making it, and it is claimed by plaintiff if defendant was not satisfied with the action of the board, *it should have appealed from it.* But no appeal lies from the board of appeals in any case; besides, the right of appeal from the assessment was not intended by the statute to be exclusive, from the fact that the tax-bill is only prima facie evidence of what it contains, and may be overcome by extrinsic evidence. [State v. Phillips, supra; State ex rel. v. Cunningham, supra.] If the only remedy by the taxpayer is by appeal from the assessment, then all defenses by him thereafter are cut off, to which we are unable to give assent.

Moreover, the Act of 1895 (section 9246, Revised Statutes 1899), provides that in all actions for personal taxes the general laws of this State as to practice and proceedings and appeals, and writs of error in civil cases shall apply, as far as applicable, to such actions, and that the remedy provided for the collection of personal tax-bills is cumulative, which would seem to add force to what we have already said upon that question.

Defendant offered evidence to show that it was bank stock that was assessed, and that all taxes against the bank for 1896 had been paid prior to the institution of this suit, which upon objection of plaintiff was excluded, and in this also we think error was committed; for either was a good defense to the action. The demurrer to the evidence at the close of plaintiff's case should have been given.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Sherwood, P. J.,* not sitting; *Gantt, J.,* concurs.