## JOHN D. McMILLEN, Respondent, v. CITY OF COLUMBIA, Appellant.

Kansas City Court of Appeals, November 19, 1906.

1. **TRIAL PRACTICE: Motion to Make More Definite: Answer: Waiver.** The filing of an answer after the overruling of a motion to make the petition more definite waives the exception to the action of the court in overruling the motion.

2. **MUNICIPAL CORPORATIONS: Ordinance: Street Improvement: Jury Question: Evidence.** Under the evidence it is held a question for the jury whether a certain ordinance was passed before or after the improvement of an alley for which it provided.

3. ———: **Damages: Street Improvement: Evidence.** The measure of damages to an abutting lot owner by the improvement

of an alley is the difference in the value just before and just after the improvement and evidence as to what one would give for the property after the improvement is incompetent.

Appeal from Boone Circuit Court.—*Hon. Alex. H. Waller,* Judge.

REVERSED AND REMANDED.

*W. H. Rothwell,* City Attorney, and *Gillespy & Conley* for appellant.

(1) The court erred in overruling defendant's motion to make plaintiff's petition more definite and certain. Lanitz v. King, 93 Mo. 513; Pier v. Heinrichoffen, 52 Mo. 333; Sidway v. Land Co., 163 Mo. 375; Pattison, Missouri Code Pleading, sec. 62; Brodell v. Alexander, 8 Mo. App. 110; Scott v. Robards, 67 Mo. 289; 8 Ency. of Plead. and Prac. (2 Ed.), p. 270, sec. 5; Cook v. Putnam Co., 70 Mo. 668; Saxton v. Railroad, 98 Mo. App. 494; Chemical Works v. Nemnich, 169 Mo. 388; Young v. Schofield, 132 Mo. 661; Boles v. Bennington, 136 Mo. 529; Snyder v. Free, 114 Mo. 360; Clark v. Dillon, 97 N. Y. 370; Sommers v. Transit Co., 108 Mo. App. 319; Reubsam v. Transit Co., 108 Mo. App. 437; Coombs Co. v. Blocks, 130 Mo. 668; State ex rel. v. Oddle, 42 Mo. 210; R. S. 1899, sec. 612; R. S. 1899, sec. 672; Leete v. Bank, 141 Mo. 574: Watkins v. Donnelly, 88 Mo. 322. (2) The court erred in admitting over the timely objection of the defendant the evidence of witness Rummans as to what he would have paid for the land after the alley was cut, and in refusing to strike out said evidence after it was admitted. Bungenstock v. Nishnabotna Co., 163 Mo. 222; 10 Am. and Eng. Ency. Law (2 Ed.), p. 1154; Belt Line Co. v. Glueck, 45 Minn. 463; Railroad v. Ryan, 64 Miss. 399; Watson v. Railroad, 57 Wis. 332.

*Webster Gordon* for respondent.

(1) After the overruling of its motion to make petition more definite and certain, defendant went to trial upon the merits of the case, thereby waiving its right to have the ruling of the lower court upon its said motion reviewed in this court. State ex rel. v. Bank, 160 Mo. 646; Sauter v. Leveridge, 103 Mo. 615; Scovill v. Glassner, 79 Mo. 449; Dakan v. Mercantile Co., 94 S. W. 953; Hill v. Combs, 92 Mo. App. 242. (2) The evidence of witness Rummans complained of under point two of appellant's brief, is not responsive to the question asked but is harmless as it did not fix or tend to fix any measure of damages or benefits which were the material questions at issue in the case; appellant was not and could not have been in the least prejudiced thereby as the trial court correctly instructed the jury as to the proper measure of damages. Charles v. Railway, 58 Mo. 458; Bungenstock v. Drainage District, 163 Mo. 222; Redman v. Piersol, 39 Mo. App. 175; State v. Beaty, 25 Mo. App. 216; Carpenter v. Wilmot, 24 Mo. App. 592.

ELLISON, J.—This action was instituted to recover damages from the defendant city for lowering the grade in an alley upon which plaintiff's property was located. The judgment in the trial court was for the plaintiff.

Before an answer was filed defendant moved that a certain portion of plaintiff's petition be made more definite and certain. The motion was overruled and exception taken. Afterwards the defendant filed its answer to the merits and the case was tried. By filing an answer to the merits the defendant waived its exception to the action of the court in overruling the motion. [Dakan v. Chase Mercantile Co., 94 S. W. 944; State ex rel. v. Bank, 160 Mo. 640, 646; Sauter v. Leveridge, 103 Mo. 615; Silver v. Railway, 21 Mo. App. 5.]

Defendant contends that the work was done before an ordinance was passed by the city council and that therefore the city was not liable, since it had not authorized the work when it was done; and that in consequence its demurrer to the evidence should have been sustained. An examination of the record shows that there was evidence tending to show that the work was not begun until after the ordinance was passed. On pages 21 and 22 of the abstract of the street commissioner's testimony, it clearly appears that the ordinance was passed before the work was done. He stated he was acting in obedience to the ordinance. We do not regard an answer of the same witness which appears on page 23 and dwelt upon by defendant, as so qualifying what was before stated as to justify throwing out what was before stated. The answer, at most, only justified an inference that the grading was done before the passage of the ordinance. It was therefore a question for the jury and the trial court properly refused the instruction in the nature of a demurrer.

Plaintiff in order to show the amount he had been damaged by the act of defendant introduced a witness, Rummans, and asked him if he had looked at the property with a view of buying. The witness answered that he had. He was then asked what he would have been willing to pay for it provided the alley had been in good condition for travel. The court sustained defendant's objection to the question. He was again asked if he had examined the property with a view to buying it; and he answered that he had. He was then asked, why he had not bought it, and defendant's objection to the question was sustained. He was then asked, "What were you willing to give for the property?" and the witness answered by asking, "In the shape it is now?" The defendant objected to the "question and answer" which was overruled. The witness thereupon answered, "I would not buy it at all in the condition that it is in

now." The question was improper. The proper rule is to ascertain what was the value just before and just after the injury. Whether a certain person would or would not buy it, or what he was willing to give, is of no consequence and is beside the issue. In view of the fact that the contest in the case is over a question of *quantum* of damages, we must rule the error as harmful since it bore in an improper manner upon the very thing in contest between the parties.

The judgment must therefore be reversed and the cause remanded. All concur.