JOHN DAVIS et al., Respondents, v. SAMUEL GROSS et al., Appellants.

Kansas City Court of Appeals, January 30, 1911.

REAL ESTATE AGENT: Purchase at Partition Sale: Bids: Public Policy. G. and his wife desired to invest in Kansas City property and engaged a real estate agent to look for a satisfactory purchase, the seller to pay the commission. Property was found, but it was ascertained that it was to be sold at partition sale where the seller could not pay commission. It was then agreed that the agent would not look for other purchasers of the property and that he would notify G. and his wife when and where the sale would take place and would attend the sale and assist them; it being agreed that G. and wife would pay the ordinary commission on sales of such property. The agent performed the service agreed and G. and wife purchased the property at the sale. It was *held* that the agent could maintain an action for the commission. And that the agreement not to look for other purchasers at the sale was not fraudulent or void as against public policy.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*James M. Chaney* and *Hal R. Lebrecht* for appellant.

*Joseph A. Guthrie* and *George S. Bryant, Jr.,* for respondent.

ELLISON, J.—Plaintiffs are real estate agents and brought this action for commission on the purchase of real estate in Kansas City. They recovered judgment in the circuit court.

The petition alleged that defendants desired to invest in property and that plaintiff Davis was looking for a suitable purchase. That he discovered the Brevoort Hotel could be had by purchase at a partition sale and notified defendants. That it was agreed that plaintiffs should advise them of the time and place of sale, and if it was bid in by defendants they would pay plaintiffs the customary commission.

Since the verdict was for plaintiffs, we will assume the facts to be as the evidence in their behalf tends to prove them. It appears that defendants wanted to invest in some real estate in Kansas City and plaintiff Davis was looking for property that would suit them. In July or August, 1908, he saw an advertisement of property known as the Brevoort Hotel, by his co-plaintiff Rowland, who was a real estate agent. He called on the latter and obtained a price of $13,000 which he placed before defendants. It suited the latter and they said they would buy. Up to this time it was not understood that defendants were to pay any commission on the sale, it being the custom for sellers to settle for commissions to agents procuring the sale. But it became known that the title to this property was in three parties, and that it was then the subject of a partition suit in the Jackson County Circuit Court and was to be sold at a partition sale in the following October. Plaintiffs informed defendants of this situation and also stated to them that that being the condition, no commission could be paid by the seller, and, if defendants purchased, they must pay a commission to them. Plaintiffs stated that they would not look out or seek for other purchasers and would notify defendants of the day of sale and take them to the sale, and, as expressed by one of the witnesses, "Mr. Gross and Mr. Rowland

was to bid in the property." Defendants agreed to pay a commission. Plaintiff Davis and defendants went to plaintiff Rowland's office and agreed to pay a commission on whatever price the land sold for at the partition sale. Plaintiffs notified defendants of the sale; but a day or two before it was to take place, they informed plaintiffs that they would not attend the sale and would not buy. They returned the abstract plaintiffs furnished them. Plaintiffs protested that in view of their agreement to buy, they (plaintiffs) had not sought other purchasers, etc. Plaintiffs felt that all was not right, and Rowland said he would go by for them on the day of the sale, at least, perform his part of the contract. He did go by and learned from Mr. Gross that his wife had gone to the court house, the latter telling him "to be there." He went to the court house, met Mrs. Gross, and introduced her to the commissioner and others interested in the sale. Something was again said about the commission and no objection from her. She suggested that Rowland do the bidding, when he said it would be better that she do it, which she did. She got the property for $12,675.

The terms of the sale were that $4000 was to be paid in cash, and during the bidding Rowland inquired of a bidder if he was prepared to put up that amount in cash and found that he only proposed to pay $1000. Believing this to be unfair competition, he raised the question of the propriety of this man bidding and he was ruled out.

We consider that the evidence given in behalf of plaintiffs amply supports the verdict. In our opinion the testimony of Mrs. Gross herself is sufficient to sustain it. She admits that she knew plaintiffs were expecting a commission from her and with that knowledge she attended the sale with Rowland and asked him to bid for her. She admitted, before the sale, when informed

by plaintiffs that they must pay a commission she remained silent.

The objection to the testimony of Rowland that he was instrumental in stopping the bidding from the man who could not comply with the terms of the sale, was not well taken. It was certainly unfair to defendants that a bidder who, confessedly, would not comply with the terms of the sale, should compete with them. And it was valuable service to defendants for Rowland to stop him. It was but a part of his duty as a representative of defendants, and its tendency, happening as it did, in the presence of Mrs. Gross, was to show his agency and performance of service as declared upon in the petition.

The objection to evidence that plaintiffs would not have any other bidders at the sale than defendants, was not well taken. It was merely an agreement to consider defendants as the prospective buyers and that they would represent them and not look out for others. It was only a statement of what good faith to defendants required. We can see nothing improper in it. But it is said that this objection and the one as to the disqualified bidder, were not within the contract stated in the petition, and McMillen v. City of Columbia, 122 Mo. App. 34, is cited. We do not see that the case has any application. It was well remarked by the trial court that plaintiffs were not required to plead their evidence.

We have given careful consideration to the extended argument in defendants' favor but, in view of the finding of facts, cannot allow it sufficient force under the law, to overturn the judgment.

The instructions sufficiently submitted the issues, and we can do nothing less than affirm the judgment. All concur.