# SYDNEY G. SANDUSKY, Respondent, v. WILLIAM J. COURTNEY, Administrator, Appellant.

### Kansas City Court of Appeals, February 17, 1913.

1. **PROBATE COURTS: Demands: Sufficiency of Statement.** A demand filed in the probate court against an estate, for legal services covering a period of over four years, stating that claimant's services consisted of managing the entire estate, loaning money, collecting interest, attending to renting and repairing real estate, buying and selling real estate, examining titles, drawing deeds and wills, making tax returns, appearing before the board of equalization, paying taxes, attending to business away from home at his own expense, giving legal advice whenever needed, and doing generally all necessary to be done in preserving the estate—and stating the reasonable value of such services—is sufficient, under Sec. 2119, R. S. 1909, after trial on the merits, to support a verdict and judgment for such services.

2. ———: ———: ———: **Trial on Merits: Waiver.** An objection to the sufficiency of a demand against an estate, raised by motion to make such demand more definite and certain, is waived by going to trial on the merits.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Claude Hardwicke* for appellant.

*M. E. Lawson* and *J. M. Sandusky* for respondent.

ELLISON, J.—The demand filed in the probate court was as follows:

"The Estate of Mary E. Dorsey, Deceased,
                To S. G. Sandusky, Dr.
1910.    To legal services rendered deceased from July 1st, 1904, to October 1st, 1908 (4 years and 3 months). Said services consisted of the management of the entire estate of deceased, both real and personal, amounting at the beginning of said services to about $45,000 and at their close to approximately $50,000. During the period of 4 years and 3 months aforesaid, claimant loaned all of the moneys of the deceased, collected the interest thereon, attended to most of the renting and repairing of her real estate, bought and sold real estate for her, examined titles, drew deeds and wills, had plat vacated and plat drawn and filed, gave in her property to the assessor, appeared before board of equalization for her, paid her taxes, attended to business away from home for her, paying his own expenses, gave her legal advice at all times when she needed it, and generally did for her all that was proper and necessary to be done in preserving her estate and making it increase in value.

Said services are reasonably worth, and claimant asks one and one-fourth per cent per year on $45,000, making $2,437.50."

The judgment in the probate court was in favor of plaintiff for $1300, and on his appeal to the circuit court there was a verdict and judgment in his favor

for $1986.10, from which defendant has appealed to this court.

I think the statement filed before the probate court is sufficient. It is far come complete and much more specific than either of those held to be good in Wood v. Land, 35 Mo. App. 381; Monumental Bronze Co. v. Doty, 99 Mo. App. 195, and Britian v. Fender, 116 Mo. App. 93.

I think the case of Sidway v. Mo. Land & Live Stock Co., 163 Mo. 342, has no application, and that it should not be considered as authority on the question presented here. That case was an action begun in the circuit court, where formal pleadings are required; while this was begun in the probate court, where informal statements are permitted, the statute directing that a demand against an estate may be exhibited by serving the administrator with "a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded." [Sec. 194, R. S. 1909.] When this is done, it becomes the duty of the probate court to "hear and determine," the claim "in a summary way without the form of pleading." [Sec. 206, R. S. 1909.] In that case the trial court had ordered the plaintiff to make his petition more definite and certain. He attempted to do so, but, it seems, failed, and the trial court was asked to strike out his amended petition for failure to comply with the court's order. The court refused to strike it out and the Supreme Court thought it should have done so, stating, at page 375 of the report, that "the action of the lower court in refusing to enforce its original order, must therefore be held erroneous, and ground for reversal."

But the sufficiency of the statement of plaintiff's demand, as an original claim, is really not the question this appeal presents. The question is, not whether the demand originally was all that could be required, but will it support a verdict and judgment? The stat-

ute (Sec. 2119, R. S. 1909) provides that: "When a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, . . . reversed, impaired or in any way affected by reason of the following imperfections, omissions, defects, matters or things . . . ; eighth, for the want of any allegation or averment on account of which omission a demurrer could have been maintained; ninth, for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict; . . ." So, therefore, whenever a paper is filed which states a cause of action at all, however imperfectly, and a trial is had and verdict rendered, demurrable objections (save lack of jurisdiction and of stating a cause of action) are waived; and omissions of allegations which were necessary to prove in order to rightfully obtain the verdict should not be allowed to affect it. [State ex rel. v. Sullivan County Court, 51 Mo. 522; State ex rel. v. Webster, 53 Mo. 135; Knox County v. Brown, 103 Mo. l. c. 228; Bank v. Leyser, 116 Mo. l. c. 73; Duff v. Fire Assn., 56 Mo. App. l. c. 365; s. c., 129 Mo. 460; Thomasson v. Insurance Co., 114 Mo. App. l. c. 119, 120.]

The record in this case makes it peculiarly appropriate to enforce this rule. The defendant went to trial in the probate court without objection to the statement of the demand; therefore he must have perfectly understood the scope and detail of the claim. It was not until he reached the circuit court that he complained of indefiniteness of the statement of plaintiff's demand. In each of the trials (if we allow defendant did his duty in examining witnesses) plaintiff must have proved the things now said to have been defectively stated.

Defendant, however, insists upon a right to object to the sufficiency of the statement for the first time in the circuit court, where he did file a motion to require plaintiff to make his claim more definite

and certain. If he intended to preserve that point, he should have stood upon his objection. By going to trial upon the merits, he waived it. [Ewing v. Vernon Co., 216 Mo. 681, 685; State ex rel. v. Bank, 160 Mo. 640, 646; White v. Railroad, 202 Mo. 539, 561; McMillen v. Columbia, 122 Mo. App. 34; Shuler v. Railroad Co., 87 Mo. App. 618, 622.]

In Ice & Cold Storage Co. v. Kuhlmann, 238 Mo. 685, 702, and White v. Railroad, supra, the Supreme Court have stated that when issue is taken on the merits it "means a sifting of the pleadings is over and that the line of battle is now pitched on the facts at a trial on the merits." And that "faults in a petition are waived (barring the two cardinal ones of stating a cause of action and lack of jurisdiction) whenever in the evolution of a lawsuit the case once advances to the stage of joinder of issue on the facts as pleaded."

In this case, under the informal procedure in probate courts, no answer was required, issue on the facts being joined by going to trial on the merits. For although defendant did file his motion to require plaintiff to make his petition more specific, definite and certain, yet, as I have just stated, by failing to stand on his motion, and going to trial, he waived it; "for it has become a commonplace of appellate procedure that answering over waives a motion to make more specific:" [Ewing v. Vernon Co., supra.]

I think we should affirm the judgment and it is so ordered. *Johnson, J.,* concurs. *Trimble, J.,* not sitting.