### In the Matter of Charles Mason.

Under the statute which requires courts sentencing offenders to the State Reform School to certify to the keeper thereof the age of the person sentenced, as nearly as can be ascertained by testimony, the court having certified the age of a convict to be under sixteen years, must be conclusively presumed, so far as all collateral inquiries are concerned, to have performed its duty; and the Supreme Court cannot assume or inquire, on *Habeas Corpus*, whether other than legal evidence was admitted on this question.

A prisoner having been sentenced and committed to the Reform School, as under sixteen years of age, the court sentencing him can not, on the ground of a mistake as to the prisoner's age, proceed to give a new sentence. The sentence is not made void by such mistake.

The Recorder of Detroit has no authority to issue a *Habeas Corpus* to take a prisoner from the Reform School, who has been lawfully sentenced there, unless to testify as a witness.

Where it appears, in return to a writ of *Habeas Corpus*, that the prisoner is held by an officer who has no legal authority for the purpose, but that there is authority in the keeper of the State Reform School to detain him, under a legal commitment from which he has not been properly discharged, the court will not order him released, but will remand him to the custody of the keeper of the Reform School.

*Heard April 10th. Decided April 11th.*

Habeas Corpus.

The petition set forth that petitioner on August 27th, 1859, was convicted in the Recorder's Court of Detroit, of larceny in a dwelling house, and sentenced to the House of Correction (now State Reform School) until he should arrive at the age of twenty-one years; that he was taken to said House of Correction in pursuance of said sentence, and remained there until March 10th, 1860; that on March 7th, 1860, the prosecuting attorney of Wayne filed an application in said Recorder's court, setting forth the said conviction and sentence, and further setting forth, that at the time of said sentence petitioner was in fact of the age of twenty years; and asking that an order or other proper process might issue from said Recorder's court, to bring petitioner before such court, that his age might be inquired into and ascertained, in order that he might be again remanded to said House of Correction, or sentenced to the State Prison; that an order was made by said court accordingly, in pursuance of which petitioner was taken from the House of Correction, and committed to the Wayne county jail, where he is now confined, awaiting the action of said Recorder's Court in sentencing him to the State Prison. The petitioner further set forth that he was in fact twenty years of age at the time of said conviction; and he alleges the present confinement to be entirely illegal.

The writ having been issued as prayed, the sheriff of Wayne county returned thereto: that on March 8th, 1860, the following writ was issued by the Recorders court:

"To the superintendant of the State Reform School, of the State of Michigan, Greeting: In the name of the People of the State of Michigan, we command you, that you have the body of Charles Mason, by you imprisoned and detained, as it is said, before the Recorder's Court of the city of Detroit, in the State of Michigan, on Monday, the nineteenth day of March, in the year of our Lord one thousand eight hundred and sixty, to do and receive what shall then and

there by the said court be ordered and adjudged; and of this writ make due return. Witness the Honorable Henry A. Morrow, Recorder of the city of Detroit, this eighth day of March, in the year 1860.　　　HENRY STARKEY,

[SEAL.]　　　　　*Clerk of the Recorder's Court.*"

To which writ, Theodore Foster, superintendant and keeper of said State Reform School, returned as his authority for retaining the petitioner, the conviction and sentence of the Recorder's Court set forth in the petition.

And the respondent further returned to the present writ that at the time of the service of the above writ on said Foster, respondent brought petititioner from said Reform School, and now holds and detains him to await the action of said Recorder's Court.

*C. E. Eddie,* and *H. D. Terry,* for petitioner, now moved for his discharge. They contended that the Recorder's *Court* could not issue a writ of Habeas Corpus, though the *Recorder* might. And further, that the court having once passed sentence, had no power for any cause to bring the defendant before it for sentence anew. Under the statute, the fact of defendant's age is one to be determined judicially before sentence; and having been passed upon, is now *res judicata,* and can not be reviewed:— 1 *Park. Cr. R.* 374; 8 *Eng.* 100. The original sentence was therefore valid, but under it, by the express provisions of the statute, petitioner could not be detained in the House of Correction after he arrived at the age of twenty-one. He has now arrived at that age, as appears by his petition, which, not being denied by the return, is to be taken as true.

*J. M. Howard, Attorney General,* contra, admitted that the Recorder's Court had no power to bring the prisoner before it to review or change its sentence, but he contended that the judgment and sentence were conclusive

on the question of petitioner's age, and he must therefore be remanded to the Reform School, to undergo the sentence.

CAMPBELL J.:

A *habeas corpus* having been issued to the sheriff of Wayne county, to inquire into the cause of detention of the relator, it appears that in August, 1859, he was sentenced to the State Reform School, as under sixteen years of age, and that the Recorder of Detroit, who sentenced him, has recently issued a precept or writ, of a somewhat anomalous character, whereby he has been brought back from that¯ institution, and is now in the hands of the sheriff of Wayne county.

The relator now claims, that his imprisonment in the Wayne county jail is illegal, and that he was in fact more than sixteen years old when sentenced.

The first question that arises is, whether the action of the Recorder, in sentencing the relator, was legal. The law requires the court to ascertain, by testimony, the age of the person committed, as near as may be, and certify it to the keeper of the Reform School, with the sentence. Having certified the supposed age of the relator, with his sentence, the Recorder must be presumed conclusively, so far as all collateral inquiries are concerned, to have done his duty. We have no right to assume, or even to inquire, in this proceeding, whether he allowed the statements of the accused, or any other than legal evidence, to guide him. This is not the proper manner in which to review such finding, if it be subject to review. He has no right now to give a new sentence; and the old one is undoubtedly a legal and valid commitment. If he made a mistake in the prisoner's age, it does not vitiate the sentence.

Without inquiring into the authority of the Recorder to issue a *habeas corpus* in any case, to be served out of the city or county, the writ which he actually issued is

void. He could not take a prisoner out of the Reform School, who has been lawfully sentenced there, unless to testify as a witness. The sheriff of Wayne county can not lawfully hold him in obedience to such a writ.

The question next arises, whether the relator is entitled to a discharge altogether. He claims that his allegations in the petition for a writ of *habeas corpus*, not being controverted, must be taken as true; and that, if true, they show his sentence to have expired.

This is not so. The object of a writ is to require the person who answers it to show upon what authority he detains the prisoner. The return shows, not indeed any authority in the sheriff of Wayne county to hold him, but an authority in the keeper of the Reform School to hold him, under a legal commitment from which he has not been lawfully discharged. The prisoner may, under section 5239, deny the truth of the return, or establish his right *to a discharge* by facts; but until he does so, the return showing sufficient cause, and being admitted to be true, will prevail. He has not shown that his term of imprisonment has expired. He has not even alleged it.

As he has been legally committed for a criminal offense, it is our duty to remand him to the proper custody, which is that of the keeper of the State School of Reform, at Lansing, to be held under his original sentence, which is set forth in the return: — 2 *Comp. L.* §§ 5234, 5235.

The other Justices concurred.