THE CITY OF ST. LOUIS v. BUSS et al.; HILL-O'MEARA CONSTRUCTION COMPANY, Appellant.

Division One, December 11, 1900.

1. **Power to take Property for Public Use:** COMPENSATION: BENEFITS: DISTINCTION. The proceeding by which a city takes private property for public use, under its power of eminent domain, is distinct in character from that by which it raises money, under its power of taxation, to make compensation for property so taken. The first can not be exercised except in obedience to the constitutional mandate that the compensation must be ascertained by a jury or board of commissioners of not less than three freeholders. But the Constitution does not require that the benefits to another and distinct property be so ascertained.

2. **Assessments:** MODIFICATION BY COURT: NEW APPRAISEMENT. Under the charter of St. Louis, the circuit court has power to set aside benefit assessments against certain lots made by commissioners in a condemnation proceeding, to reduce the assessment against others, and to increase the assessment against the city. The power to order a new appraisement is permissive, and the court's refusal to order it being within its judicial discretion, this court will interfere only where there has been an abuse of that discretion.

St. Louis v. Buss.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer*, Judge.

AFFIRMED.

*Collins, Jamison & Chappell* for appellant.

(1) All of the evidence in the case conclusively establishes: (a) That the value of the land taken, belonging to this exceptor, and the damages by reason of the taking, were far greater than the amount allowed by the commissioners; (b) that none of this exceptor's land was benefited by the opening of Euclid avenue. (2) It was an error to modify the report of the commissioners and base a judgment of condemnation upon the modified report. Constitution, art. 2, sec. 21; Charter of St. Louis, art 6, sec. 7; Rochester Water Works v. Wood, 60 Barb. (N. Y.), 137; Bridge Co. v. Ring, 58 Mo. 491; St. Joseph v. Geiwitz, 148 Mo. 210. .

*B. Schnurmacher* for respondent.

The circuit court is not bound to set aside a report of commissioners altogether, and to appoint a new set of commissioners to go over the entire proceedings anew, merely because error may have been made in the assessment of benefits against one or more parcels of land within the benefit district. The court may "make such order therein as right and justice may require, and may order a new appraisement upon good cause shown." Charter of St. Louis, art. 6, sec. 7. A report of commissioners may be set aside in part and sustained in part. Lewis on Eminent Domain, sec. 529; Green v. East Haddam, 51 Conn. 547; St. Joseph v. Geiwitz, 148 Mo. 210.

St. Louis v. Buss.

BRACE, P. J.—This is an appeal by the Hill-O'Meara Construction Company from a judgment of the St. Louis City Circuit Court, modifying and approving the report of the commissioners in a condemnation proceeding in said court, under article 6 of the charter of said city, by section 7 of which it is provided that the report of the commissioners "may be reviewed in the circuit court on written exceptions filed by either party in the clerk's office within ten days after the filing of such report, and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown." The proceeding was to condemn land for the opening of Euclid avenue from St. Louis avenue to the Natural Bridge, was regular, and in due time the commissioners filed their report in which they found the value of the lands proposed to be taken for the highway to be the sum of $8,275, among which was certain land of the appellant, for the taking of which they assessed its damages at $3,250. They also assessed against the city of St. Louis as the amount of the benefit to the public generally the sum of $100, and the remainder of the $8,275 they assessed against certain lands specially benefited by the improvement, among which were eleven lots belonging to the appellant construction company, which were severally assessed for benefits. In due time appellant filed its exception to the report of the commissioners claiming that the value allowed it for the land taken was inadequate, and the benefits assessed against its lots were excessive. Upon the hearing of the exceptions, the court set aside the assessment against three, reduced the assessment against five, of the appellant's lots, overruled the other exceptions, and increased the assessment against the city to $386.75. To which action of the court the city made no objection, and judgment was thereupon entered in favor of the plaintiff, on the report as thus modified, from which this appeal is taken.

The contention of the appellants, in brief, is: that the court had no authority to thus modify the report of the commissioners, and in support of this contention, section 21, article 2, of the Constitution, is invoked, by which it is provided "that private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law," and the cases of Bridge Co. v. Ring, 58 Mo. 491, and Rochester Water Works v. Wood, 60 Barb. (N. Y.) 137, are cited. If the court had undertaken to modify their report as to the damages assessed *for the property taken* for the improvement, then this provision of the Constitution would have some application, and the contention receive some support from the cases cited. But such was not the case. The court did not in any manner change or modify the report of the commissioners as to the damages for the land taken. On the contrary, the modification was confined to the assessment for benefits to defendant's lots not taken or damaged by the improvement. The city takes the property of a citizen for a public street or highway under the power of eminent domain. It raises money to make compensation therefor under the power of taxation, by levying a portion thereof upon property that is specially benefited by the improvement. While under the charter but one proceeding is provided for the accomplishment of both objects, yet they are distinct in character as are the powers from which they flow. So far as the proceeding goes, in the exercise of the power of eminent domain, it is subject to the constitutional provision quoted. But we know of no constitutional provision requiring the benefits to be "ascertained" by "a jury or board of commissioners." In that proceeding, however, the charter of the city of St. Louis (article 6, sections 4, 5, 6 and 7) does provide

that the board of commissioners appointed for the purpose of condemning the property required for the public use, shall also assess the benefits, subject to the power of the court in which the proceedings are had, to "review" their assessment, on which review, "the court *shall* make such order therein as right and justice may require, and *may* order a new appraisement." The power of the commissioners to assess the benefits, and the power of the court to review the assessment is derived from the same source, i. e., the charter. In the exercise of that power, the court is required to make such orders "as right and justice may require." This requirement is plenary and mandatory, imposes an absolute duty upon the court, and if in the proper discharge of that duty, it becomes necessary, the court "*may* order a new appraisement upon good cause shown." This latter requirement, unlike the former, is permissive, and imposes no absolute duty. Whether or not a new appraisement shall be ordered in any given case, upon cause shown, is left to the judicial discretion of the court. In some cases, the exercise of a wise judicial discretion may demand that the assessment of benefits against all the property be confirmed; in some, that the assessment against all the property be set aside; in others, that the assessment against some of the property be confirmed and against some be set aside; and yet in others, that the assessment against some of the property be confirmed, against some be set aside; and against some be reduced as was done in the case in hand. The authority of the court to exercise its discretion in the last mode is just as ample as it is in the first three. And while in any case the court upon good cause shown, has a like discretion to order a new appraisement, in no case is it obligated to do so either by the Constitution of the State, or the charter of the city, unless justice and right require it.

It is only an abuse of the discretion, in the particulars mentioned, that would warrant the interference of this court, and finding no such abuse in the proceedings in this case, the judgment of the circuit court is affirmed.

All concur.