THE STATE EX REL. STRATTON SHARTEL, Attorney-General, v. C. H. SKINKER, Judge of Circuit Court of Webster County.—25 S. W. (2d) 472.

Court en Banc, March 4, 1930.

956

*Stratton Shartel,* Attorney-General, and *Walter E. Sloat,* Special Assistant Attorney-General, for relator.

*Barton & Moberly* for respondent.

ATWOOD, J.—Relator seeks by our writ of certiorari to quash the judgment of the Circuit Court of Webster County, Missouri, in the habeas corpus proceeding of one Joe McBride, petitioner. The scope of our review under this writ is limited to jurisdictional matters and errors appearing on the face of the record in the habeas corpus proceeding which has been certified to us in this proceeding. [State ex rel. Gentry v. Westhues, 315 Mo. 672, 678, 286 S. W. 396.] We take the record as we find it, excluding the mere evidence, which can in the nature of things relate to the merits only. [State ex rel. v. Broaddus, 245 Mo. 123, 136, 149 S. W. 473.]

Respondent's return shows that on June 12, 1929, Joe McBride filed petition for writ of habeas corpus in the Circuit Court of Wright County, Missouri, alleging that he was then and there unlawfully deprived of his liberty by Harry Kelley under a pretended judgment convicting him of grand larceny for a term of two years, beginning May 17, 1927, and ending May 17, 1929, and further alleging that "said term has fully expired and that said sheriff has no legal papers or authority entitling him to hold this petitioner." Said return further shows that writ of habeas corpus was thereupon issued as prayed and made returnable on the same day before Honorable C. H. Skinker, Judge of the Wright County Circuit Court; that on the return day, by agreement of the parties said cause was transferred to the Circuit Court of Webster County, Missouri, and leave given the said Kelley to make return to said writ on or before June 24, 1929; that the said Joe McBride thereupon gave bond for his appearance in said court on June 24, 1929, the date upon which said cause was set down for hearing; that on said date the said Harry Kelley, Sheriff of Texas County, Missouri, filed his return to said writ of habeas corpus in the Circuit Court of Webster County purporting to produce the body of the said McBride before the Honorable C. H. Skinker, Judge of said Circuit Court, and stating the reason for his detention as follows:

"Joe McBride was sentenced in the Circuit Court of Laclede County, Missouri, at the May adjourned term thereof, 1927, to serve a term of two years in the Missouri Penitentiary, the beginning of

said term to be on the 21st day of June, 1927, under a plea of guilty to the charge of larceny. The said Joe McBride was, under said sentence and judgment, conveyed to the Missouri Penitentiary, and was, by him, the said warden, safely and securely kept, until the 11th day of March, 1928. On the said 11th day of March, 1928, the said Joe McBride was lawfully, under a writ of *habeas corpus ad testificandum*, sent out to Texas County to appear in a case then pending in Texas County Circuit Court wherein the State of Missouri was plaintiff and Don Fike was defendant, as a witness for the State. While lawfully in said County of Texas, and State of Missouri, in lawful custody of the officers, the said Joe McBride did, unlawfully and feloniously, break said custody, and depart whithersoever he would. Respondent further respectfully states that the said Joe McBride remained out of the custody of the officers of the Missouri Penitentiary for a period of from on or about the 13th day of March, 1928, until on or about the 24th day of June, 1929, at which time he was apprehended by the officials of Oklahoma, and returned to the officers of Missouri, to serve out the remainder of said term in the Missouri Penitentiary. Respondent further respectfully states that the said Joe McBride served a period of time in the Missouri Penitentiary from the 21st day of June, 1927, until on or about the 13th day of March, 1928, and that all the remaining time since the 21st day of June, 1927, the said Joe McBride has not been confined in the Missouri Penitentiary, or any other institution, serving out said judgment and sentence as above referred to. Respondent further respectfully states that the said Joe McBride was not excused, nor released, nor pardoned from serving the remainder of said term by any person or persons authorized to release prisoners from said institution. Respondent further respectfully states that he, as the duly elected, qualified and acting Sheriff of Texas County, Missouri, has been directed by the Warden of the Missouri Penitentiary to return the said Joe McBride to said institution to serve out the remainder of his term therein, and that his authority and the true cause of his imprisonment and restraint of the body of the said Joe McBride is as set out above.

"Respondent for further return states that, as above set out at detail, the said Joe McBride is now held by him, detained and imprisoned by virtue of a written authority, a copy of which is hereto annexed and made a part of this return."

The written authority mentioned in, annexed to and made a part of Kelley's return is a duly certified copy of the sentence and judgment of the Circuit Court of Laclede County, Missouri, in the case of State of Missouri, plaintiff, v. Joe McBride, defendant, conforming to the allegations relative thereto in Kelley's return. The return of Judge Skinker, filed herein, further shows that upon a hearing of

said habeas corpus proceeding he held that the petitioner was entitled to his discharge. The pertinent recitals of said judgment are as follows:

"Now at this day, this case coming on to be heard, and the State of Missouri being represented by M. W. Covert, Prosecuting Attorney of Texas County, and the Sheriff of Texas County having duly made and filed his return to the writ of habeas corpus issued, and the defendant, Joe McBride, appearing in court in person, and by his attorneys, Barton and Moberly, and the parties announcing ready for trial, the court, after hearing the evidence and considering the return to the writ of habeas corpus herein, finds that this defendant, Joe McBride, was sentenced to the penitentiary by the Circuit Court of Laclede County for a term of two years beginning June 20, 1927; that on the 11th day of March, 1928, a writ of habeas corpus ad testificandum having been duly issued to produce this defendant to testify as a witness for the State in a case then pending in the Circuit Court of Texas County wherein one Don Fike was defendant, this defendant, Joe McBride, was sent by the Warden of the Penitentiary, in charge of the Deputy Sheriff of Texas County, to Texas County, to testify in said cause; that the said Joe McBride was permitted to go around the town of Houston without being under guard and without any legal restraint for several days, and that on or about the 14th day of March, 1928, he left Texas County and the State of Missouri; that thereafter he was charged with breaking custody, and was brought back from the State of Oklahoma in April, 1929, on requisition papers issued on a charge of breaking custody; that a change of venue was duly granted in said case and the cause sent to the Circuit Court of Wright County; that upon a trial duly had in said Circuit Court of Wright County on June 12, 1929, the defendant, Joe McBride, was acquitted of said charge.

"The court now finds that said Joe McBride did not break custody; that he was unlawfully permitted to go at large; that the time of his sentence in the penitentiary by the Circuit Court of Laclede County was not suspended by reason of such facts; that the two years' imprisonment in the penitentiary, to which he was sentenced by said Laclede County Circuit Court, has now expired, and that he is now entitled to his discharge."

Respondent challenges relator's right to writ of certiorari on the ground that neither relator nor the warden of the penitentiary was a party to the habeas corpus proceeding and neither has been shown to have the requisite interest. Where the writ is applied for, as here, by the Attorney-General it goes as a matter of course and of right. [State ex rel. v. Dobson, 135 Mo. 1, 19, 36 S. W. 238; Ferris on Extraordinary Legal Remedies, sec. 174.]

Relator suggests that respondent was without jurisdiction to issue the writ of habeas corpus because that court had no jurisdiction over the warden of the state penitentiary "who according to law, had actual custody of the prisoner." The petitioner alleged that he was "unlawfully deprived of his liberty by Harry Kelley in Wright County in this State." The petition, therefore, was properly lodged in the Circuit Court of Wright County. [Sec. 1944, R. S. 1919; State ex rel. Gentry v. Westhues, 315 Mo. 672, 678, 286 S. W. 396; State v. Buckner, 234 S. W. 651, 291 Mo. 320.]

Relator also says that the petition was insufficient because "petitioner was being held by the sheriff under the court's order granting the writ of *habeas corpus ad testificandum,* and a copy of this order should have been attached to the petition or a statement should have been made that the sheriff refused to issue a copy of such order," citing Sec. 1878, R. S. 1919, and State ex rel. v. Dobson, 135 Mo. 1, 36 S. W. 238. The allegation of the petition was not that petitioner was held on account of any such court order but "under a pretended judgment convicting this defendant of grand larceny for a term of two years, beginning the 17th day of May, 1927, and ending the 17th day of May, 1929, which term has already heretofore fully expired." Petitioner further alleged that his imprisonment was illegal in that "said term has fully expired, and that said sheriff has no legal papers or authority entitling him to hold this petitioner." It seems clear that in the face of these allegations petitioner was not required to attach a copy of the court's order granting the writ of *habeas corpus ad testificandum.* Furthermore, it does not appear from the record that Kelley ever moved to quash the writ on this account. In People ex rel. Jenkins v. Kuhne, 107 N. Y. Supp. 1020, such failure was held to constitute waiver.

Relator's principal contention seems to be that the warden of the penitentiary released McBride to the Sheriff of Texas County under a writ of *habeas corpus ad testificandum* issued by the circuit court of that county, that said warden was in the legal performance of his duty when he did so, that McBride there escaped from custody, that when he did so time ceased to run against his sentence, and, therefore, his term of imprisonment at the penitentiary had not expired and he was not entitled to his discharge. This contention is evidently made on the assumption that the allegations of Kelley's return are to be taken as true. May they be so taken? Section 1903, Revised Statutes 1919, is as follows:

"The party brought before any court or magistrate, by virtue of any writ of habeas corpus, may deny the material facts set forth

in the return, or allege any fact to show, either that his detention or imprisonment is unlawful, or that he is entitled to his discharge; which allegations or denials shall be on oath.''

The record in the habeas corpus proceeding certified to us in this proceeding does not show that petitioner made any such allegation or denial. In Ex parte Bryan, 76 Mo. 253, we held that the facts as they appeared in the return were to be taken as true because not denied. On a similar state of the record in Ex parte Durbin, 102 Mo. 100, 104, 14 S. W. 821, we said:

''The return is not designed to be responsive to the petition for the writ, but to the writ itself. If the return is untrue in any particular it may be met under the practice established by statute in this State (R. S. 1889, sec. 5372) by an appropriate pleading raising the desired issue upon it. But, when no such issue is made, the facts stated in a return by a public officer are taken as true without reference to the allegations in the petition upon which the writ issued.''

The St. Louis Court of Appeals in the case of Frank E. McBride, petitioner, 158 Mo. App. 452, 455, 456, 138 S. W. 87, said:

''If matters other than those recited in the return are relied upon for the discharge, they should be put in issue by an appropriate pleading on the part of the petitioner. . . .

''But the petitioner argues the matter on his motion for discharge as though his refusal to answer the questions and claim of privilege set forth in his petition for the writ of habeas corpus entitled him to a discharge on the return, because such recitals or averments of his petition are not denied in the return. On this motion for discharge on the return, the recitals or averments in the petition avail nothing, for in contemplation of law the return in habeas corpus is not responsive to the petition for the writ, but instead it responds to the writ alone. In this view, the rule of decision goes to the effect that, on a motion for the petitioner's discharge on a return which is not denied or put at issue by a competent pleading in that behalf, the matter is to be determined from the facts set forth in the return, wholly independent of the allegations contained in the petition for the writ.''

In case of In re Breck, 252 Mo. 302, 319, 158 S. W. 843, we said:

''At common law as a rule the return to the writ of habeas corpus was conclusive as to the facts stated therein and the averments could not be controverted. [9 Ency. Pl. & Pr. 1039.] But the well-recognized and almost universal doctrine now is to the contrary. The averments of the return may be, by reply or similar pleading, traversed or denied (In re Mason, 8 Mich. 70; Ex parte Durbin, 102 Mo. 100); or by pleading in the nature of confession and avoidance, new facts may be set up to avoid the effect of the matter averred in

the return. [9 Ency. Pl. & Pr. 1052.] This is so in our own State by statutory enactment. [Sec. 2468, R. S. 1909.] When an issue is made by a denial, or traverse by reply to the facts averred in the return, the matter stands then like any other issue to be adjudged and determined by the evidence upon a trial, or hearing had. [Speer v. Davis, 38 Ind. 271.] If the averments of the return are not denied or contradicted by some appropriate pleading, the facts set out in the return are to be taken as true, regardless of the allegations pleaded in the petition. [Ex parte Durbin, 102 Mo. 100; Ex parte Bryan, 76 Mo. 253.] The issue then becomes one of law simply which must be tried upon the case made, and no fact *dehors* the record will be considered. [9 Ency. Pl. & Pr. 1052.]''

Also, in Ex parte Thornberry, 300 Mo. 661, 666, 254 S. W. 1087, we held as follows:

''While a return to a writ of habeas corpus is not of itself conclusive under our practice, as it was at common law and under the Habeas Corpus Act (31 Car., II C 2), where, as here, the facts pleaded in the return are not denied, they are to be taken as the ultimate facts in the case. [In re Tartar, 278 Mo. l. c. 365; In re Breck, 252 Mo. l. c. 319; Ex parte Durbin, 102 Mo. l. c. 104; Ex parte Bryan, 76 Mo. 253.] Constituting, as the return does, the principal pleading, it is not intended to be responsive to the petition, but to the writ; its allegations, therefore, may be met as the statute (Sec. 1903, R. S. 1919) provides, by a denial of the material facts set forth therein or the allegation of any fact to show that the detention complained of is unlawful and that the petitioner is entitled to a discharge. In the absence of such a pleading the facts set up in the return become conclusive; and the only question left for determination is whether these facts authorize the restraint as a matter of law.''

The above cases are in line with the general rule of pleading, applicable both under the common law and code procedure, that where there is a material averment, which is traversable, but which is not traversed by the other party, it is admitted. [21 R. C. L. 561, sec. 120; 31 Cyc. 607, 678.] However, it does not follow that such averment will under all circumstances be so considered. Courts generally hold that a plaintiff who files no reply may nevertheless bring his case on for trial and take the consequences of such a step, and if defendant makes no objection there may be a waiver and the defect is generally held to be cured by verdict, or judgment of the court where no jury is employed. [31 Cyc. 266, 764.] Under the common-law system, where plaintiff fails to file a reply within the time fixed for a reply, defendant may move for a rule to compel plaintiff to reply or suffer a judgment of *non pros;* and under the codes and practice acts, defendant may move for and is entitled to, judgment

on the pleadings. [31 Cyc. 266.] Where allegations are not denied and might therefore be deemed admitted, but are treated as in issue on the trial, the omission of the denial is thereby waived. [31 Cyc. 212.] In Crossland v. Admire, 149 Mo. 650, 656, 51 S. W. 463, we held that although no answer was filed in the court below, if it appears from the bill of exceptions that the cause was tried as if there had been, on appeal the answer should be considered as filed. In Turner v. Butler, 126 Mo. 131, 136, 28 S. W. 77, and in many prior and subsequent cases, we have ruled that where a cause has been tried by the court, or by the court and a jury, as if the new matter set up in the answer had been denied, the plaintiff will not be heard to say the new matter stands admitted because no reply was filed. [See State ex rel. v. Phillips, 137 Mo. 259, 264, 38 S. W. 931.] In Roden v. Helm, 192 Mo. 71, 85, 90 S. W. 798, an action on promissory notes, upon the record of a judgment showing that "when the cause came on for trial, both sides being represented by counsel, all and singular the matter and things were submitted to the court, and the court after hearing the evidence, doth find the issues for plaintiff," we held that in the absence of anything in the record to the contrary it was a fair presumption that no motion for judgment on the answer was made, that the cause *was heard upon the evidence,* that it was tried as if a reply had been filed, and that plaintiff's failure to file reply availed defendants nothing. As said in Heath v. Goslin, 80 Mo. 310, 318, the general doctrine seems to be that "if a party would take advantage of such omission he should do so . . . in a direct way."

In the instant case it does not appear from the record that any motion for judgment on the pleadings was filed in behalf of the said sheriff, although the State was represented by the prosecuting attorney of his county, but the record does show that "the parties announcing ready for trial, the court after hearing the evidence and considering the return to the writ of habeas corpus herein" made certain findings and rendered judgment. On this state of the record in reviewing an ordinary proceeding we could not say, in the face of our ruling in Roden v. Helm and other authorities above cited, that in so doing the trial court violated any principle of the common law or provision of the statutes or abused its discretion. Is there any reason why the same doctrine should not be applied to the record in this habeas corpus proceeding? Under the common law no reply was ordinarily allowed (29 C. J. 164), and but for the statute none could have been filed in this case. It may be said that since the petitioner did not avail himself of the privilege afforded by statute he is relegated to the operation of the common law which requires that the allegations of the return be taken as true. That, however, is no answer because the statute does not in terms make the manual

act of filing the reply a condition precedent to the hearing of evidence, and this very theory of waiver is that by reason of the acts of the parties a denial is deemed to have been been filed. Though the sheriff made his return in an official capacity we see no reason why his return and the acts of counsel appearing for the State should not be amenable to the ordinary rules and interpretations that obtain in matters of pleading. In habeas corpus the regular rules of pleading must be observed. [29 C. J. 164.] In accordance with general rules relating to presumptions in an appellate court, a court reviewing an order or judgment in a habeas corpus proceeding will not presume error, but in the absence of a contrary showing, will presume that the order or judgment is correct; that the lower court found all facts necessary to sustain its determination; that the findings are correct; that the rulings of the lower court are correct; and that the trial court did not abuse its discretion. [29 C. J. 195.] Certiorari is not a flexible remedy, is inadequate to either raise or dispose of questions of fact (Ferris on Extraordinary Remedies, p. 212), and every lawful intendment will be made in favor of the determination and the regularity of the proceedings below. [11 C. J. 208; State ex rel. v. Broaddus, 216 Mo. 336, 345, 115 S. W. 1018; State ex rel. v. Taylor, 224 Mo. 393, 462, 123 S. W. 892.]

In 29 Corpus Juris, 165, paragraph 189, this identical doctrine of waiver is held applicable to habeas corpus proceeding as follows:

"Formal denial of the allegations of the return has been deemed waived where the parties proceeded to trial as if such allegations had been formally controverted."

Among the cases cited is People v. Carpenter, 46 Barb. (N. Y.) 619. The statute there in force was much like our own Section 1903, Revised Statutes 1919, supra, permitting the petitioner on oath to "deny any of the material facts set forth in the return, or allege any fact, to show either that his imprisonment or detention is unlawful, or that he is entitled to his discharge." A writ of habeas corpus was obtained. The sheriff's return was not traversed or denied. Upon a hearing before the county judge the petitioner was discharged, and upon the record brought up by writ of certiorari the Supreme Court said:

"The final question remains: was it necessary for Waldron to traverse the sheriff's return before the proof was admissible to contradict it. The evidence was admitted without objection as to its character. The objection was leveled at the right of the judge to go back of the execution. No objection was made that no traverse was interposed, and therefore the return was conclusive, and could not be contradicted. It was a technical irregularity which could and would have been immediately obviated if the objection had been made. The evidence was record evidence, and conclusive in its char-

acter. The evidence having then been offered and considered by the judge, and his decision rendered thereon without objection, it is now too late for the defendant to raise the objection.''

Ex parte Flournoy, 310 Mo. 355, 275 S. W. 923, was an original proceeding under the Habeas Corpus Act. Petition was filed. The officer produced the body of petitioner and in lieu of a formal return indorsed and signed the following declaration on the back of the writ: ''I hereby return the within writ by producing the prisoner, Lee Flournoy.'' Counsel appearing for petitioner made no point on the officer's failure to file return and proceeded to present his reasons why petitioner should be released. After holding that no return was made within the meaning of the statute, we said (p. 357):

''The return and not the petition is the principal pleading. [Ex parte Thornberry, 300 Mo. 1. c. 674.] The latter has performed its function when the writ is issued. It is to the return, therefore, that a traverse or denial must be made to the material facts set forth in the return, and upon its being filed the case is at issue. Without the filing of these pleadings no issue is presented, and only a dismissal is authorized, unless, as at bar, a failure to comply with the required procedure is ignored and the case is heard on the allegations of the petition alone.''

Without expressly ruling on the state of facts thus presented the petitioner was remanded, evidently on the theory that petitioner by his acts could and did waive return to the writ. On authority of this decision the Springfield Court of Appeals in Ex parte Ellis, 9 S. W. (2d) 544, 546, an original proceeding by habeas corpus, held that although no traverse or answer was made to the return when no objection was made it was proper to hear evidence and determine the case as though the facts alleged in the petition and return were in issue.

Under the authorities above cited we cannot say from the record before us that respondent acted without jurisdiction or abused his judicial discretion in ''hearing the evidence.'' Consequently, we may not accept the allegations of the sheriff's return as admitted facts in the case.

Facts sufficient to support relator's principal contention do not appear in the petition and writ, nor is relator aided by the findings of fact that appear in the record of respondent's judgment. These findings do not appear to have been made in pursuance of statute. Hence, they are, in reality, no part of the judgment and cannot be used to impeach it. [Ferris on Extraordinary Legal Remedies, sec. 182; Smith v. Travelers' Protective Association of America, 6 S. W. (2d) 870, 872, 319 Mo. 1120.] In some states such a statute has been held not to apply to habeas corpus proceedings. [29 C. J. 173.] A

voluntary statement of the judge, uncalled for by either party, of the considerations of fact which led him to his decision whether embodied in the text of the judgment or in a separate writing, cannot be substituted by either party for the evidence as a test of the correctness of the judgment. [Advertising Co. v. Castleman, 265 Mo. 345, 352, 177 S. W. 597.] These rulings appear to be sound and applicable. Even if the findings of fact could for any purpose be taken as facts in the case, we should not, on certiorari, say that they were all the facts in the case. Other conclusions of fact warranted by the evidence, but not shown by this record, might also have moved respondent to render the judgment he did, and in such case we will not presume that the court proceeded without facts sufficient to sustain the judgment. We are thus left with no conceded facts in the record that conclusively prove relator's contentions. This state of the record differentiates the case from State ex rel. Gentry v. Westhues, 315 Mo. 672, 678, 286 S. W. 396, where the petitioner's pleaded admissions showed that he was not entitled to an absolute discharge. So, we cannot say here as we did there that on the face of the record the court proceeded without jurisdiction in holding that the petitioner was entitled to an absolute discharge.

From the foregoing it appears that our writ was improvidently issued, and it is, therefore, ordered quashed. All concur, except *Blair, J.,* who concurs only in the result, and *Walker, J.,* who is absent.