CITY OF ST. LOUIS, Appellant, v. SIMON D. ROSSI, POLAR WAVE ICE AND FUEL COMPANY, a Corporation, ET AL.—58 S. W. (2d) 965.

Division One, March 16, 1933.

*Julius T. Muench, G. Wm. Senn, Seward McKittrick* and *John M. Hodgen* for appellant.

*McDonald & Just* for Polar Wave Ice and Fuel Company.

ATWOOD, J.—This is an appeal in a condemnation proceeding under the charter of the City of St. Louis for the opening of Skinker road. The proposed street is 80 feet in width and runs from Delmar boulevard northwardly in a curving course to Hodiamont avenue where it is broadened to make a convenient junction with both Olive street road and Hodiamont avenue.

The property here affected is that of respondent, Polar Wave Ice and Fuel Company, and consists of about 8½ acres all of which is inside the city limits of St. Louis except a small corner extending in-

to St. Louis county. The land had a frontage of about 475 feet on the south line of Olive street road beginning at the Wabash main-line tracks and running west to Rosedale avenue, thence southwardly along Rosedale about 900 feet, thence eastwardly about 620 feet to the Wabash tracks, and thence northwardly along the tracks about 680 feet.

The proposed street splits the property taking 41,568.98 square feet, leaving isolated from the railroad a triangle west of the new street containing 38,780.30 square feet, of which 5150 square feet lies in the county of St. Louis, and leaving a portion east of the new road and adjacent to the railroad containing 295,931.92 square feet.

The petition for condemnation was filed October 24, 1919. Commissioners were duly appointed by the circuit court and their report filed on March 27, 1924, wherein the damages to this respondent's property were fixed at $48,818.42 and special benefits were assessed in the aggregate of $12,240.99, of which benefits the sum of $8,877.96 was assessed against the land east of the proposed street and $3,363.03 against the parcel west of the proposed street, leaving a net finding of $36,577.43 in favor of respondent, which amount was deposited in the registry of the court for the use of respondent.

Thereafter respondent, Polar Wave Ice and Fuel Company, filed exceptions to this report which were heard and sustained on April 6, 1925, and new commissioners were appointed to assess and report the damages and benefits to respondent's said property.

On October 25, 1926, these commissioners filed their report wherein gross damages were found in favor of respondent in the sum of $45,533.02, and special benefits were assessed against the east tract in the sum of $8,877.95 and against the west tract in the sum of $1,681.52. The net amount found in favor of respondent was $34,973.55, or the difference between gross damages and the special benefits. Both appellant and respondent filed exceptions to the second report. Appellant's objections were overruled and respondent's objections were sustained and new commissioners were appointed.

On May 10, 1928, a third report was filed to which appellant filed objections. These objections were overruled and the commissioners' report confirmed awarding respondent the gross sum of $47,769.53, assessing special benefits of $2,337.87 against the east tract and $1,357.30 against the west tract, the gross damages exceeding the special benefits by $44,074.36 for which amount judgment was rendered in favor of the Polar Wave Ice and Fuel Company.

On February 21, 1930, appellant deposited in the registry of the court below for the use of respondent the sum of $7,496.93, being the sum found by the third set of commissioners that respondent should recover over and above the amount theretofore deposited by appellant for the use of respondent.

■ Appellant's first claim is that the court erred in sustaining respondent's exceptions to the second report of commissioners and ordering a new assessment of damages and benefits.

Section 7, article XXI, of the present charter of the City of St. Louis, adopted in 1914, provides for judicial review of such exceptions as follows:

"Within twenty days from the filing of the commissioner's report, exceptions in writing thereto may be filed by any party interested, and upon such exceptions the court shall review the report and may order, on cause shown, a new assessment by other commissioners, or make such other orders thereon as justice may require. The court shall hear and dispose of such exceptions with all reasonable speed and may itself assess benefits anew."

Whether or not a new assessment shall be ordered in any given case is thus left to the judicial discretion of the circuit court, and nothing short of an abuse of such discretion would warrant our interference with the order. [The City of St. Louis v. Buss et al., 159 Mo. 9, 14, 59 S. W. 969; City of St. Louis v. Busch et al., 252 Mo. 209, 219, 158 S. W. 309; City of St. Louis v. Gerhart Realty Co., 328 Mo. 103, 108, 40 S. W. (2d) 661.]

■ ■ Arguing the above assignment of error counsel for appellant in effect say that the circuit court must have abused its discretion in setting aside the second report because the reasons assigned in its memorandum accompanying the order are inadequate. As we have said in the case of City of St. Louis v. Busch, supra, l. c. 219, the clear meaning of the charter is that "a new appraisement could only arise upon good cause shown," but we find no requirement that such cause or causes be specified of record by the court. In this respect an order for "a new assessment by other commissioners" is different from an order allowing a new trial in an ordinary case. In the latter procedure, Section 1003, Revised Statutes 1929, requires the trial court to "specify of record the ground or grounds on which said new trial is granted." Hence, an order for a new trial specifically putting it on certain grounds in effect overrules the motion on all other grounds. [Mfg. Co. v. Quellmalz (Mo. Sup.), 252 S. W. 961.] But, in the absence of a similar requirement as to an order for a new assessment, the order should not be disturbed by this court unless it appears from the whole record before us that it was made without cause, and so amounted to an abuse of judicial discretion. Now it appears in this case that the court's memorandum was a voluntary act, and being such, as we said in Smith v. Travelers' Protective Association, 319 Mo. 1120, 1126, 6 S. W. (2d) 870, 872, "it does not constitute ground of impeachment of the sufficiency of the judgment." [See. also, Lesan Advertising Co. v. Castleman, 265 Mo. 345, 352, 177 S. W. 597; State ex rel. v. Skinker, 25 S. W. (2d) 472, 478, 324 Mo.

955.] So, this assignment of error must be ruled upon the record before the circuit court brought here on appeal.

██ ██ In City of St. Louis v. Hamley Realty Co., 329 Mo. 1172, 48 S. W. (2d) 938, where the question of special benefits only was in issue, we said that "in a proceeding of this kind under the charter of the city of St. Louis the review of the commissioners' report by the circuit court on exceptions filed, is essentially a trial *de novo*. On such hearing the court may itself assess benefits anew." In the instant case, however, the question of damages as well as that of benefits was in issue, and it is well settled that the court has no power to change or modify the report of the commissioners as to damages. [The City of St. Louis v. Buss et al., 159 Mo. 9, 12, 59 S. W. 969.] A vital contention of the Polar Wave Ice and Fuel Company was that the assessment of its damages was insufficient and inadequate. The report showed gross damages allowed this property owner in the sum of $45,533.02. If this assessment of damages was improper it could be corrected only in "a new assessment by other commissioners." In the exercise of its discretion the court ordered a new assessment, and we are without power to disturb the order if cause was shown therefor.

While the second report allowed gross damages only in the sum of $45,533.02, it appears that witnesses for the Polar Wave Ice and Fuel Company testified to damages varying from about $96,000 to more than $125,000, and counsel for appellant, with commendable frankness, admit that one of the commissioners testified that only $5,300 was allowed for improvements although one of appellant's witnesses testified that the damages to the improvements would be $6,-106,13; also, that one of the commissioners testified nothing was allowed for certain switch tracks lying on the property, valued by one of the appellant's witnesses at $1,140, although another commissioner testified that he felt certain that the tracks were considered. The commissioners testified as witnesses without objection by either party, and the testimony was conflicting as to whether or not consequential damages were allowed. It seems clear that the order was made "on cause shown," and not in abuse of the court's judicial discretion.

The action of the circuit court in setting aside the second report as to benefits is also assigned as error on the ground that at the trial appellant produced testimony sufficient to sustain the report as to assessment of benefits, but respondent produced none whatever. We have carefully examined the record in this respect and conclude that there was testimony given in behalf of the Polar Wave Ice and Fuel Company which fairly construed was to the effect that its property would not be benefited at all by the proposed improvement. Hence, this assignment is also ruled against appellant.

No reversible error appearing in the assignments urged the judgment is affirmed. All concur, except *Hays, J.,* not voting because not a member of the court when cause was submitted.