CITY OF ST. LOUIS, Appellant, v. SENTER COMMISSION COMPANY ET AL., SOUTHERN REAL ESTATE AND FINANCIAL COMPANY.

CITY OF ST. LOUIS, Appellant, v. SENTER COMMISSION COMPANY ET AL., MIDDLETON THEATRE COMPANY (Lessee) ET AL.

CITY OF ST. LOUIS, Appellant v. SENTER COMMISSION COMPANY ET AL., GRAND-RIALTO THEATRE COMPANY (Lessee) ET AL.—73 S. W. (2d) 389.

Court en Banc, June 15, 1934.*

*Charles M. Hay, John T. Hicks* and *James B. Steiner* for the City of St. Louis.

*NOTE: Opinion filed at May Term, 1933, April 18, 1934; motion for rehearing filed; motion overruled at May Term, June 15, 1934.

490

. *Boyle & Priest* for Southern Real Estate &. Financial Company, Middleton Theatre Company (Lessee) et al. and Grand-Rialto Theatre Company (Lessee) et al.

TIPTON, J.—This proceeding involves three cases with cross-appeals in each. By stipulation the cases were argued and submitted as one as they involve the same legal questions. The appeals are from a final judgment in condemnation under the charter of the city of St. Louis, for the opening and widening of Market Street, extending from Third Street, westward along Walnut Street to Sixth Street, thence, diagonally to Market Street to the intersection of Seventh Street, thence westwardly along Market Street to Vande-

venter Avenue. These proceedings contemplate the opening and widening of this street pursuant to Ordinance No. 31,656, as amended by Ordinance No. 35,582. The only point on this appeal that we are concerned with is a question of benefits assessed against four pieces of property located on Market Street which are designated items, numbers 1254, 1255, 1169 and 1170 in the report of the commissioners.

Item 1254 is located at Seventh and Market Streets, and on this tract of land are situated the American Hotel and the American Theatre. Item 1255 is on Market Street between the American Theatre and Sixth Street. Both of these tracts of land are owned by the Southern Real Estate & Financial Company. Item 1169 is located on Market Street, east of Sixth. On this tract of land is located the Grand Opera House; the Grand-Rialto Theatre Company is the lessee. Item 1170 is located on the corner of Sixth and Market Streets, on which is located the American Annex Hotel; the Middleton Theatre Company is the lessee.

The trial court sustained the exceptions filed by the Southern Real Estate & Finance Company, the Grand-Rialto Theatre Company and the Middleton Theatre Company, and made new awards.

It is the contention of the city that the award assessed against the property by the trial court was grossly inadequate, while the contention of the exceptors is that the awards were excessive and unreasonable. Both have appealed to this court.

I. The city contends that the order setting aside the award of the commissioner cannot stand because the trial court's memorandum opinion shows that the new benefits assessed by the trial court was a result of a "quotient verdict" in each instance. This memorandum opinion was a voluntary opinion and was not requested by either party, and does "not appear to have been made in pursuance of statute. Hence they are, in reality, no part of the judgment, and cannot be used to impeach it." [State ex rel. Shartel, Atty.-Gen. v. Skinker, Judge, 324 Mo. 955, 25 S. W. (2d) 472, 1. c. 478.]

In the recent case of City of St. Louis v. Rossi, 332 Mo. 498, 58 S. W. (2d) 965, 1. c. 966, that opinion reviews the authorities, and in it we said:

"Arguing the above assignment of error, counsel for appellant in effect say that the circuit court must have abused its discretion in setting aside the second report because the reasons assigned in its memorandum accompanying the order are inadequate. As we have said in the case of City of St. Louis v. Busch, supra, 1. c. 219 of 252 Mo., 158 S. W. 309, 312, Ann. Cas. 1915A, 719, the clear meaning of the charter is that 'a new appraisement could only arise upon good cause shown,' but we find no requirement that such cause or causes be specified of record by the court. In this respect an order for 'a new assessment by other commissioners' is different from an order allowing a new trial in an ordinary case. In the latter pro-

cedure Section 1003, Revised Statutes 1929 (Mo. St. Ann., sec. 1003), requires the trial court to 'specify of record the ground or grounds on which said new trial is granted.' Hence, an order for a new trial specially putting it on certain grounds in effect overrules the motion on all other grounds. [Arkla Lumber &. Mfg. Co. v. Quellmalz Lumber & Mfg. Co. (Mo.), 252 S. W. 961.] But in the absence of a similar requirement as to an order for a new assessment, the order should not be disturbed by this court unless it appears from the whole record before us that it was made without cause, and so amounted to an abuse of judicial discretion. *Now it appears in this case that the court's memorandum was a voluntary act, and being such, as we said in Smith v. Traveler's Protective Association, 319 Mo. 1120, 1126, 6 S. W. (2d) 870, 872, 'it does not constitute ground of impeachment of the sufficiency of the judgment.'* [See, also, Lesan Advertising Co. v. Castleman, 265 Mo. 345, 352, 177 S. W. 597; State ex rel. Shartel v. Skinker, 324 Mo. 955, 25 S. W. (2d) 472, 487.] So, this assignment of error must be ruled upon the record before the circuit court brought here on appeal." (Italics ours.)

The city contends that Article XXI, Section 7 of the charter of the city of St. Louis, authorizes the trial court, in the interest of justice, to make such a memorandum opinion, even if it does, it was not incorporated in the judgment or in the order sustaining the setting aside the award of the commissioners. Such an opinion could not be before us for review. [St. Louis v. Nancy Pope, 68 S. W. (2d) 804; State ex rel. Sullivan County v. Maryland Casualty Co., 334 Mo. 259, 66 S. W. (2d) 537.]

Section 8 of Article XXI, states that the court on approving the commissioners' report shall render final judgment thereon reciting the report. This does not require the court to write a memorandum opinion, stating his reasons for setting aside the commissioners' report.

We cannot look to this memorandum opinion to see if the trial court erred in setting aside the award, but we must determine if there was substantial evidence to justify the trial court's action.

II. We think there was sufficient evidence to justify the trial court in setting aside the commissioners' award, and in making new awards in all four of these items, as the evidence was conflicting.

In regard to item 1254, Isaac Cook testified that this property was specially benefited $13,000; Fred G. Zelbig testified that it was specially benefited $10,800; E. D. Ruth said the benefit to this property was $13,493.75; while J. H. Farrish testified that in his opinion the property was benefited in the sum of $17,850. These witnesses testified on the behalf of the exceptors. The city produced three witnesses who testified that the property was specially benefited as follows: W. C. Bernard said $28,440; Theodore Hemmelman, Jr.,

estimated $23,115, and Joseph W. Hannouer said $23,806. The award of the commissioners was $23,115.

We do not have the question of damage involved here; the question before us is one of benefits. Under Article XXI, Section 7, the trial court "may itself assess benefits anew." "Whether or not a new assessment shall be ordered in any given case. is thus left to the judicial discretion of the circuit court, and nothing short of an abuse of such discretion would warrant our interference with the order." [City of St. Louis v. Rossi, supra.] There was evidence that the award of benefits was excessive. One witness testified that the property would be benefited only $10,800 and the award was $23,115. We think that is sufficient to justify the court in sustaining the objection of the exceptors to the commissioners' report. As to the benefits that would accrue to this property the evidence varies from $10,800 to $28,440, therefore the new award of the trial court in the sum of $18,643.53, is within the range of the testimony and we cannot say the trial court acted arbitrarily in making this award. It is not our duty to weigh conflicting evidence.

We have reviewed the evidence as a whole and cannot say that the court's award is so grossly inadequate as not to be supported by evidence as contended by the city; nor can we say that the award was excessive and unreasonable and not supported by evidence as contended by the property owner on its cross-appeal.

In regard to item 1255, the evidence on the special benefits to this property varied from $7,695 to $30,150. The commissioners' award was $26,460. The trial court made a new award of $17,967.

In regard to the property listed as item 1169, there was testimony that this property was not specially benefited, on the other hand there was testimony that it was benefited and the highest estimate of any witness was $14,500. The award of the commissioners was $13,320 which was reduced by the trial court to $6,993.

As to item 1170, the range of the testimony varied from $5,000 to $25,400, as a benefit to this property. The commissioners' award was $20,160, and the new award of the court was $12,658.

What we have previously stated in regard to item 1254, applies equally to items, 1255, 1169 and 1170, and for the reasons stated the judgment of the trial court should be sustained.

The judgment of the trial court is, therefore, affirmed. All concur, except *Ellison* and *Hays, JJ.*, absent.