STATE OF MISSOURI EX REL. SOUTHERN REAL ESTATE & FINANCIAL COM-
PANY, A CORPORATION, RESPONDENT, v. THE CITY OF ST. LOUIS, A
MUNICIPAL CORPORATION AND LOUIS NOLTE, COMPTROLLER OF THE
CITY OF ST. LOUIS, APPELLANT.—115 S: W. (2d) 513.

St. Louis Court of Appeals.   Opinion filed April 5, 1938.

*William H. Killoren* for respondent.

210

*E. H. Wayman*, City Counselor, *Jno. T. Hicks* and *Francis J. Sullivan*, Associate City Counselors, for appellants.

BENNICK, C.—This is an appeal from the judgment and decision of the Circuit Court of the City of St. Louis that a peremptory writ .of *mandamus* should issue against the City of St. Louis and Louis Nolte, its comptroller, compelling them to receive and

accept from relator, Southern Real Estate and Financial Company, certain sums of money which the latter had tendered in full satisfaction of a benefit judgment theretofore rendered against two pieces of its property in connection with a condemnation proceeding for the opening and widening of Market Street in said city.

The material facts of the case are undisputed, and the only question at issue is purely one of law.

The condemnation suit was regularly instituted and prosecuted by the city in accordance with the procedure outlined by Article XXI of the charter, which has to do with the subject of condemnation. Commissioners were appointed by the court to assess the damages and benefits to the property affected by the suit, and in due course they filed their report wherein benefits were assessed against the two pieces of property owned by relator. The latter thereupon filed its exceptions to the report, which exceptions, after a hearing, were sustained by the court, and the assessments reduced to figures for which the court, on May 17, 1932, entered final judgment in favor of the city as provided by Article XXI, section 8, of the charter.

Within due time the city filed its motion for a new trial, which was promptly overruled, whereupon relator filed its motion for a new trial, which in turn was likewise overruled. Thereafter both the city and relator perfected their separate appeals to the Supreme Court, wherein, by stipulation of the parties, the cross-appeals were argued and submitted as one case. The report of the case discloses that the city was contending that the benefits assessed against the property by the judgment of the circuit court were grossly inadequate, while relator for its part was insisting that the assessments, even after the reduction, were still excessive and unreasonable. The Supreme Court reviewed the record in the light of the contentions of the respective parties, and finding that the judgment was supported by the evidence and that there had been no abuse of the court's discretion in reducing the assessments as recommended by the report of the commissioners, it affirmed the judgment in an opinion handed down on April 18, 1934, which is to be found reported as City of St. Louis v. Senter Commission Co., 335 Mo. 489, 73 S. W. (2d) 389.

Following the action of the Supreme Court in affirming the judgment, relator attempted to satisfy the same by tendering to the comptroller the amount of the judgment against its property, but with interest computed only from April 18, 1934, the date of the Supreme Court's affirmance of the judgment. However the comptroller refused to accept such tender, his contention being that the interest should have been computed from May 17, 1932, the date of the entry of the final judgment in the circuit court, and that by reason of this fact he was without authority to accept any less sum in satisfaction of the judgment than what he conceived to be the full amount due the city under the judgment.

Relator thereupon filed its petition for the issuance of a writ of *mandamus* to compel the city and its comptroller to accept the sum so tendered as in full satisfaction of the judgment and to release and satisfy the judgment liens outstanding against its property. The issues were made up and a hearing had, at the conclusions of which the court ordered that its peremptory writ should issue as prayed by relator in its petition. From the judgment so entered the city and the comptroller were thereupon allowed an appeal to the Supreme Court, which found, however, that it was without jurisdiction over the appeal, and consequently ordered that the cause be transferred to this court for our determination.

Now as has already been pointed out, the sole question at issue between the parties in this proceedings is whether, in determining the aggregate amount to be paid in full satisfaction of the judgment so as to obtain the release of the liens outstanding against relator's property, the interest on the judgment should be computed from the date of the entry of the same in the circuit court as would ordinarily be the case, or whether, as a consequence of the city's appeal from the judgment which was in its favor, the interest to be paid by relator should be computed only from the date of the affirmance of the judgment in the Supreme Court.

The specific authority for the allowance of interest upon judgments rendered in condemnation suits which are brought by the city in the exercise of its power to condemn private property for public purposes is to be found in Article XXI, section 8, of the charter, which requires that the court, after the amounts of the respective assessments have been determined, shall render a final judgment which shall provide, among other things, "that the City recover the respective benefits in excess of damages assessed in each instance against private property with interest from date of judgment and have execution therefor." Indeed the fact is that even were the charter silent with respect to the allowance of interest, the judgment in such a case would nevertheless bear interest in view of the fact that it is in all respects a final judgment as that term is used in statutes requiring interest to be paid on judgments, and therefore within the application of the general statute (sec. 2841, R. S. Mo. 1929 [Mo. Stat. Ann., sec. 2841, p. 4628]), which provides that "interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, accord, or sale of property." [Plum v. The City of Kansas, 101 Mo. 525, 14 S. W. 657; Martin v. The City of St. Louis, 139 Mo. 246, 41 S. W. 231.]

In other words, so far as concerns the allowance of interest upon judgments in condemnation suits which are brought by the city pursuant to the authority which has been conferred upon it to inaugurate public improvements and to assess the cost of the same against

adjoining property to the extent of the special benefits derived, the direction of the charter that such a judgment shall bear interest from the date of its entry merely accords with the general statute which would otherwise apply in the absence of any such specific charter provision.

But while it is true that the charter does provide that the judgment for the benefits in excess of any damages shall bear interest from the date of its entry, this circumstance along does not suffice to determine the particular question now at issue in this proceeding.

The underlying theory upon which interest is allowed on money judgments is that from the moment of the entry of the judgment the amount thereof is due from the judgment debtor, with the necessary consequence that the latter is thereafter in default until the judgment is satisfied, and is therefore required to pay interest on his debt as compensation for his further retention and use of the judgment creditor's money. But such exaction of interest obviously implies that the judgment creditor is standing upon the amount of the judgment as the amount which is then due him from his judgment debtor, and that any delay in satisfaction of the judgment, as by an appeal therefrom, is solely occasioned by the act of the judgment debtor himself, who seeks by his appeal to obtain a reversal of the judgment which has been rendered against him.

So it is that when the judgment debtor appeals, he must (save for the cases where exception is made by statute) give *supersedeas* even to obtain a stay of execution pending his appeal, and if the judgment is affirmed by the appellate court, then in order to satisfy it he must pay, not only the face of the judgment, but all interest which has accrued from and after the date of entry of the judgment. But where it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged until such time as judicial sanction of the correctness of the judgment finally culminated in its affirmance by the appellate court. [Milliken v. Haner, 184 Ky. 694, 212 S. W. 605; Coast Lumber Co. v. Aetna Life Insurance Co., 22 Idaho, 264, 125 Pac. 185; New York & Cuba Mail Steamship Co. v. The Express (C. C. A.), 59 Fed. 476; Evers v. Glynn, 126 App. Div. 519, 110 N. Y. S. 405; 33 C. J. 247.]

While the precise question of whether a judgment debtor is relieved from liability for the payment of interest during the period of the judgment creditor's appeal would seem to be one of first impression in this State, we do not understand that there is anything in either the general interest statute or the specific charter provision which precludes their construction in accordance with the general

rule that a party who unsuccessfully appeals from a judgment in his favor is not entitled to interest pending his appeal. It is true that neither the statute nor the charter makes such express provision, but the reason for this is obvious. Both the statute and the charter were written with the idea of compensating the judgment creditor for the judgment debtor's delay in satisfaction of the judgment, and with this the matter primarily in contemplation, the result was that no direct attention was given to the unusual situation where it is the judgment creditor himself who appeals the case and is thereby responsible for the delay in its final termination.

But even though the statute and charter do not expressly relieve the judgment debtor from liability for interest pending the judgment creditor's appeal, we think that no other construction of them would be consistent with the intent implied in their enactment. The theory is that when a money judgment is entered by the court, the amount of it is then due from the judgment debtor, and that if he delays satisfaction, he must pay interest on his debt as in other cases of detention of money due. But how can it be said that the amount of the judgment is due from the judgment debtor as a fixed and settled obligation when the judgment creditor himself appeals to a court of appellant jurisdiction to have that very judgment set aside upon the ground of error in its rendition? No act on the part of the judgment debtor, as by tender of the amount of the judgment, could foreclose to the judgment creditor the right to appeal from the judgment, nor could the court which has rendered the judgment note satisfaction of it on its records so long as the appeal was pending. When it is the judgment creditor himself who creates the situation whereby the judgment may not be satisfied and the judgment debtor discharged, he is in no position to insist that there is any money due upon the judgment, and until money is due upon the judgment, there is no authority for exacting interest upon the theory of a default in satisfaction of it.

While the natural justice of this conclusion is amply apparent even in the ordinary lawsuit where the court declares its judgment upon a state of antecedent facts, the reason for it is all the more striking in a case of the character of the one out of which this particular proceeding has arisen. The judgment now in question is a benefit judgment, which was rendered in a proceeding *in rem*, and which carried with it liens upon the property against which the respective benefits were assessed. It is well settled that the power of the city to assess benefits against private property for public improvements is solely referable to and sustainable under the taxing power, so that in this instance the benefit judgment purports to represent a tax imposed by the city upon relator's property. [City of St. Louis v. Senter Commission Co., 336 Mo. 1209, 84 S. W. (2d) 133.] But the correctness of this tax was denied by the city which had caused it to

be levied and for whose sole benefit it was imposed, and with this the situation, the city should not be heard to say that the tax was in force and due from relator during the very period that it was repudiated by the city as the taxing power. Obviously the city could not have enforced payment of the tax by special execution while its own appeal was pending, nor could relator have satisfied the judgment and caused the release of the liens upon its property until the appeal was finally disposed of. Until the amount of the tax was finally fixed and determined so that not only could relator be required to pay it but the city to accept it, there was no tax due the city from relator, and the latter was therefore not to be penalized by the exactment of interest for the period during which the judgment was rendered inoperative and ineffectual.

It is pointed out, however, that not only did the city appeal from the judgment, but that relator likewise appealed from it, so that relator was equally responsible with the city for any delay in the final disposition of the case. In answer to this relator insists that it took its appeal only after the city had first taken and perfected its appeal, and that under such circumstances the appeal by relator did not affect or change the legal consequences of the city's appeal so far as concerned the element of delay in bringing the case to a final termination. The record before us does not disclose the dates when the respective appeals were applied for, though it does show that relator did not move for a new trial until after the city had filed such a motion on its own part and the same had been denied. But whether the city first appealed or not is after all not conclusive of the point now at issue. The conceded fact is that the city did appeal, and having done so it cannot escape its own responsibility for the delay which resulted in the prolongation of the proceeding. So long as the city did appeal, it would have been impossible for relator to have discharged all the liability of its lands for special assessments, and until such time as payment would have extinguished the obligation and have freed the lands from liens, there was no payment due the city from relator. [33 C. J. 247; Coast Lumber Co. v. Aetna Life Insurance Co., *supra.*]

We are aware that in City of St. Louis v. Richardson (Mo.), 281 S. W. 395, it is remarked that there is nothing in the city's charter which provides for the suspension of interest pending an appeal. That is literally true, as we have already pointed out, but the significance of the remark is to be determined by the occasion of its utterance. In that case the city was contending that the accrual of interest on a judgment assessing damages against it in a condemnation suit should have been suspended during the pendency of its appeal from that judgment. There the city was the judgment debtor, and the court very properly disallowed its contention. Having no case before it involving the judgment creditor's appeal, the court made

no decision upon that question, but took note of the silence of the charter of the City of St. Louis upon the matter of the suspension of interest pending an appeal only by way of distinguishing such charter from the charter of Kansas City which apparently contains such an express provision.

While we have not discussed the assignments of error *seriatim*, each and every point made has been considered and is determined by what has been said herein.

It follows that the judgment rendered by the circuit court should be affirmed, and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.

### ON OPINION TO MODIFY.

BENNICK, C.—Counsel for appellants (the city and the comptroller) have filed a motion in which they ask us to modify our opinion so as not to foreclose to the city the right to collect interest upon a benefit judgment ultimately affirmed on appeal in a case where the city took its appeal from the judgment ''only because the judgment debtor did so.''

We concede that in a case where the property owner should first sue out his appeal from a benefit judgment, it could not be said that the city was primarily responsible for the prolongation of the litigation where it took its own appeal at some subsequent date. However this does not mean that the city may join in appealing from such a judgment without forfeiting its right to interest pending the disposition of the appeal.

The fallacy in appellants' position is that there is no provision in our code for one party to appeal because his adversary has already done so, but to the contrary, the right of appeal is extended only to a party who is ''aggrieved'' by the judgment (sec. 1018, R. S. Mo. 1929 [Mo. Stat. Ann., sec. 1018, p. 1286]), and no appeal can be allowed except upon an affidavit reciting that such appeal is not made for vexation or delay, but because the affiant believes that the appellant is ''aggrieved'' by the judgment or decision of the court (sec. 1020, R. S. Mo. 1929 [Mo. Stat. Ann., sec. 1020, p. 1295]).

Consequently, when the city appeals from a benefit judgment in its favor, it can only do so upon the ground that it is aggrieved by such judgment; and so long as it holds itself out as aggrieved and denies the correctness of the tax imposed by the benefit judgment, it may not at the same time say that the tax is in force and due so that the property owner is in default for its nonpayment.

The Commissioner accordingly recommends that appellants' motion to modify the opinion be overruled.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. Appellants' motion to modify the opinion is, accordingly, overruled. *Hostetter, P. J.,* and *Becker* and *Mc-Cullen, JJ.,* concur.